UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court

each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff is granted the option of proceeding solely as to defendant West, or plaintiff may delay service of process and attempt to file an amended complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . .

. claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

In his first claim, plaintiff alleges that on October 31, 2019, defendant West, an officer at California State Prison, Sacramento ("CSP-SAC"), hired inmate Durrell Puckett to murder plaintiff, assisting Puckett by removing his restraints and opening his cell door to enable Puckett to attack plaintiff who was chained to the dayroom floor.

In his second claim, plaintiff alleges retaliation, but claims that defendant Lynch was deliberately indifferent after plaintiff wrote to Lynch concerning the October 31, 2019 attack. (ECF No. 1 at 4.)  Plaintiff claims he sustained retaliation over a period of three years and wrote warden Lynch, ISU officers, the superintendent of the prison, and the warden of CMF seeking help to no avail.

Plaintiff seeks money damages, and the filing of criminal charges.  Plaintiff names as defendants Warden Jeff Lynch, Officer N. West, Officer M. Burkhart, and Officer J. Cornelly.

Discussion

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim Eighth Amendment claim against defendant N. West.  See 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants.  The claims against those defendants are dismissed with leave to amend.

////

////

////

3

Defendant Lynch

Plaintiff alleges defendant Lynch is responsible based on plaintiff writing to Lynch after the October 31, 2019 attack.

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates.  See id. at 833.  To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  Farmer, 511 U.S. at 834.  "Mere negligence is not sufficient to establish liability."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 837.  That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  To prove knowledge of the risk,

the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842.

Here, plaintiff includes no facts demonstrating that defendant Lynch was aware that inmate Puckett posed a threat to plaintiff prior to the October 31 attack, or that Lynch was aware that defendant West would assist Puckett in such attack.  In his second claim, plaintiff refers to retaliations that occurred over a period of three years, but he provides no specific facts in support of such allegations.  Based on plaintiff's conclusory allegations it is unclear whether plaintiff can state a cognizable civil rights claim against defendant Lynch.

Defendants Burkhart and Cornelly

Plaintiff's complaint includes no charging allegations as to defendants Burkheart and Cornelly but refers to his exhibit B-2.  (ECF No. 1 at 4.)  Exhibit B-2 is a copy of plaintiff's November 9, 2021 letter to Warden Lynch in which plaintiff contends that defendants Burkeheart [sic] and Curlley [sic] continue to ask officers to sexually assault plaintiff in retaliation for plaintiff reporting their misconduct.  (ECF No. 1 at 18.)  In his letter, plaintiff states the warden was aware of the October 31, 2019 incident, and contends all evidence was destroyed, and that Puckett was just found not guilty of attempted murder in his 115 hearing, yet plaintiff was found guilty of battery on an inmate despite being chained from feet to head and acting in self-defense.  (ECF No. 1 at 18.)

In his August 25, 2021 letter to ASU/ISU and the Warden of CMF, plaintiff stated that defendants Burkeheart [sic] and Cornelly continue to use synthesized computer generated false voice impersonations of plaintiff's family to contact health care professionals, other family members, friends, and other inmates to report that plaintiff is a child molester and in jail for baby raping, and that if plaintiff's mother did not give money back, defendants Burkeheart [sic] and Cornelly would kill plaintiff.  (ECF No. 1 at 19.)  Plaintiff also stated that the program was used to mimic his family members and other professionals, including correctional officers, to fool them into filing false documents so they can continue to extort money from plaintiff's family.  (ECF No. 1 at 19.)  Plaintiff also claimed he was microchipped.  (ECF No. 1 at 21.)  The CMF warden reassigned plaintiff's letter back to CSP-SAC.  (ECF No. 1 at 22.)

Plaintiff's exhibit C is a copy of a letter written to the superintendent on February 10, 2022, in which plaintiff complained that defendants Burkeheart [sic] and Curlley [sic] were using software that enabled them to watch plaintiff in his cell and allowed them to enter plaintiff's cell and sexually assault him. (ECF No. 1 at 26.) On September 9, 2021, Associate Warden D. Hurtado, Health Care Access Unit, responded to plaintiff's letter addressed to the CMF Warden. Plaintiff was interviewed by Sgt. Tarrant on August 17, 2021, at which time plaintiff conveyed that he was "not really in [his[ right mind when [he[ wrote this letter," and confirmed that plaintiff's PREA claim was investigated by CSP-SAC Investigative Services Unit. (ECF No. 1 at 29.)

Aside from not including any charging allegations as to defendants Burkheart and Cornelly, plaintiff's allegations concerning sexual assault are not included in his complaint. In addition, it appears that any allegations concerning alleged sexual assaults would not be related to plaintiff's claims against defendant West arising from the incident on October 31, 2019.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

////

Because plaintiff included no factual allegations supporting his claims of sexual assault against defendants Burkeheart and Cornely, the undersigned is unable to determine whether such claims may be properly joined with plaintiff's claims against defendant West. However, plaintiff is granted leave to amend his complaint to include any claims properly related to plaintiff's Eighth Amendment claim against defendant West.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendant N. West and pursue his Eighth Amendment claim against only that defendant or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant West, against whom he stated a potentially cognizable claim for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the remaining claims against the remaining defendants.

Leave to Amend

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the

1    victim of a conspiracy, he must identify the participants and allege their agreement to deprive him
2    of a specific federal constitutional right.
3         In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
4    R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
5    R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
6    occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).
7         A district court must construe a pro se pleading "liberally" to determine if it states a claim
8    and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
9    opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are
10   not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere
11   conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
12   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
13   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556
14   U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

20   Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions
21   can provide the framework of a complaint, they must be supported by factual allegations, and are
22   not entitled to the assumption of truth.  Id. at 1950.
23        An amended complaint must be complete in itself without reference to any prior pleading.
24   Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015)
25   ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-
26   existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original
27   pleading is superseded.
28   ////

Finally, plaintiff is not granted leave to add new claims or new defendants to this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants Lynch, Burkheart, and Cornelly are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable Eighth Amendment claim against defendant West. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such Eighth Amendment claim, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the remaining defective claims against defendants Lynch, Burkheart and Cornelly without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park2015.14o

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER,<br><br>            Plaintiff,<br><br>      v.<br><br>WARDEN JEFF LYNCH, et al.,<br><br>            Defendants. | No.  2:22-cv-2015 KJN P<br><br><br>NOTICE OF ELECTION |

    Plaintiff submits the following documents in compliance with the court's order filed _____.

    _____   Plaintiff consents to the dismissal of defendants Lynch, Burkheart and Cornelly without prejudice.

**OR**

    \_\_\_\_\_ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

                                                    _____
                                                          Plaintiff