UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN A. PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. On December 21, 2022, plaintiff filed a motion for preliminary injunction and temporary restraining order. Due to the pleading deficiencies identified below, plaintiff's motion is denied without prejudice.

I. Background

    On November 30, 2022, the undersigned screened plaintiff's complaint, found plaintiff's first claim stated a potentially cognizable Eighth Amendment claim against defendant West, and dismissed plaintiff's second claim with leave to amend.[1] Plaintiff was granted thirty days in

---

[1] In his first claim, plaintiff alleged that on October 31, 2019, defendant West, an officer at California State Prison, Sacramento ("CSP-SAC"), hired inmate Durrell Puckett to murder plaintiff, assisting Puckett by removing his restraints and opening his cell door to enable Puckett to attack plaintiff who was chained to the dayroom floor. In his second claim, plaintiff alleged retaliation, but claimed that defendant Lynch was deliberately indifferent after plaintiff wrote to Lynch concerning the October 31, 2019 attack. (ECF No. 1 at 4.) Plaintiff alleged he sustained

which to elect whether to proceed on his Eighth Amendment claim against defendant West, or whether he chose to amend his pleading to attempt to state cognizable civil rights claims against defendants Lynch, Burkheart, and Cornelly.  (ECF No. 6.)  At this time, it is unclear whether plaintiff will choose to amend or will proceed solely on his claim as to defendant West.  It is also unclear whether plaintiff is able to allege facts involving defendants Lynch, Burkheart and Cornelly that arose from the same transaction, occurrence, or series of transactions or occurrences as those alleged against defendant West, required to demonstrate that such putative claims are properly joined in this action.  (ECF No. 6 at 6-7.)

II. Governing Law

A temporary restraining order preserves the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed only to prevent irreparable loss of rights prior to judgment.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).  The standards for both forms of relief are essentially the same.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("Because our analysis is substantially identical for the injunction and the TRO [temporary restraining order], we do not address the TRO separately.").

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citations omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017).  The party seeking a preliminary injunction must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20 (citations omitted); see also American Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20); Fed. R. Civ. P. 65 (governing both temporary restraining orders and preliminary injunctions).  An injunction may only be awarded upon a clear showing that the

---

retaliation over a period of three years and wrote warden Lynch, ISU officers, the superintendent of the prison, and the warden of CMF seeking help to no avail.  Plaintiff sought money damages, and the filing of criminal charges.  Plaintiff named Warden Jeff Lynch, Officer N. West, Officer M. Burkhart, and Officer J. Cornelly as defendants.

1  plaintiff is entitled to relief.  See Winter, 555 U.S. at 22 (citation omitted).  Also, an injunction

2  against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v.

3  Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a

4  judgment . . . resulting from litigation in which he is not designated as a party. . . . ").

5        Further, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient

6  nexus between the injury claimed in the motion and the conduct asserted in the underlying

7  complaint.  Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th

8  Cir. 2015).  "The relationship . . . is sufficiently strong where the preliminary injunction would

9  grant relief of the same character as that which may be granted finally."  Id. (quotation marks

10 omitted).  "Absent that relationship or nexus, the district court lacks authority to grant the relief

11 requested."  Id.; see Saddiq v. Ryan, 703 F. App'x 570, 572 (9th Cir. 2017) (unpublished)

12 (affirming denial of preliminary injunction because the prisoner did not establish a nexus between

13 the claims of retaliation in his motion and the claims set forth in his complaint).

14       The propriety of a request for injunctive relief hinges on a significant threat of irreparable

15 injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668,

16 674 (9th Cir. 1988).  Speculative injury does not constitute irreparable harm.  See id.; Goldie's

17 Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  A presently existing actual

18 threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp., 395

19 U.S. at 130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S.

20 1020 (1998).

21 III. Plaintiff's Motion

22       Plaintiff alleges that defendants Burkeheart and Cornelly continue to retaliate against

23 plaintiff by "placing threaten[ing] phone calls to [plaintiff's] family," "threaten[ing] to kill

24 [plaintiff] for being in prison for raping boys," and using synthetic

> media voice technology's application via the computer to allege [plaintiff] has an "R" suffix in [plaintiff's] central file 128-G for raping babies, over the housing unit P.A. system in administrative segregation, short term restrictive housing unit to general population inmates placing [plaintiff's] life in "future risk" and in imminent danger of irrevocable loss and injuries.

3

(ECF No. 11 at 2.)  Plaintiff contends such actions cause him to commit self-harm from "provoked suicide attempts," and refers to inmate Puckett's declarations signed December 11 and 30, 2019, in which Puckett declares that defendant West intentionally enabled Puckett to attempt to murder plaintiff on October 31, 2019, and paid him to do so.  (Id.)  Plaintiff claims false documentation in his file was put there "in retaliation to cause harm and danger."  (Id.)  Plaintiff maintains that the warden of CMF warned officials of such safety issues in his September 9, 2021 memo.  Plaintiff also asks the court to include defendant West "for his role in the retaliation that has caused [plaintiff] harm and injuries. . . ."  (Id.)  Plaintiff states that he believes death will result if the court does not intervene and asks the court to transfer him to a "treatment facility for mental health prisoners."  (Id. at 3)

IV.  Discussion

First, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").  The court may not attempt to determine the rights of persons not before it.  See, e.g., Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983).  Pursuant to Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).

Here, no defendant has yet been served with summons.  Moreover, although plaintiff named defendants Burkeheart and Cornelly in his complaint, his claim against them was dismissed with leave to amend because plaintiff failed to state cognizable civil rights violations against them.  Therefore, this court has no personal jurisdiction over such individuals.

Second, plaintiff alleges no facts demonstrating a relationship between the alleged actions of defendant West or the retaliation allegations in his second claim of the complaint, and those raised in the instant motion.  "[T]here must be a relationship between the injury claimed in the

motion for injunctive relief and the conduct asserted in the underlying claim." Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). Documents appended to his complaint suggest his allegations against defendants Burkheart and Connerly involved sexual misconduct. But in any event, plaintiff's motion includes no facts tying his allegations in his motion to those pled in his complaint. In addition, the relief sought differs. In this action, plaintiff seeks money damages; in his motion, plaintiff seeks an order transferring him to a different facility. Because there is no relationship between plaintiff's underlying allegations and the instant motion, the motion must be denied.

Third, to the extent plaintiff seeks a temporary restraining order without notice upon an adverse party, he cannot prevail because his submission fails to set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); Rizzo v. Goode, 423 U.S. 362, 378 (1976) ("it has long been held that an injunction is 'to be used sparingly, and only in a clear and plain case.'"). Plaintiff's motion is not verified and he provided no declaration. Plaintiff states he fears for his safety, but he fails to identify when the purported threats took place. All of the exhibits upon which plaintiff relies are from 2019 and 2021, the last dated October 27, 2021. (ECF No. 11 at 4-7.) In addition, plaintiff's claim that defendants Burkeheart and Cornelly use synthetic media voice technology via the computer to make announcements over the prison housing unit's P.A. system in administrative segregation and to the general population, purportedly concerning the false allegations as to plaintiff's underlying criminal offense, is not plausible.[2]

Importantly, in order to obtain injunctive relief, plaintiff is required to address each element under Winter. Plaintiff provides no facts demonstrating he is likely to succeed on the merits of this action, that the balance of equities tips in his favor, or that an injunction is in the public interest. Although he states that he will be irrevocably harmed by the defendants' conduct,

---

[2] In addition, to the extent plaintiff expresses concern for his family, plaintiff has no standing to raise claims on their behalf. Rather, his family members should contact local law enforcement to report such threats.

1  plaintiff fails to provide specific facts demonstrating he is at risk of imminent harm.  Because
2  plaintiff fails to address all of the elements under Winter, his motion is denied.
3       For all of the above reasons, plaintiff's motion is denied without prejudice to its renewal.
4       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunctive relief (ECF
5  No. 11) is denied without prejudice.
6  Dated:  December 23, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park2015.tro.pi