UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN A. PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On November 30, 2022, plaintiff was granted thirty days in which to elect whether to proceed on his Eighth Amendment claim against defendant West, or whether to amend his pleading to attempt to state cognizable civil rights claims against defendants Lynch, Burkheart, and Cornelly. (ECF No. 6.) On December 21, 2022, plaintiff filed a motion for appointment of counsel, a motion for reconsideration of the court's screening order, and his notice of election.

As set forth below, plaintiff's motions are denied, and he is granted an extension of time to file an amended complaint.

Motion for Appointment of Counsel

In his motion, plaintiff asks the court to appoint "Brain Dunn, a member of the California State Bar," as counsel for plaintiff. (ECF No. 10 at 2.) Plaintiff claims he appended letters to lawyers in which plaintiff sought representation. However, the two-page motion contains no

1

attachments or letters. It is unclear whether Mr. Dunn was contacted by plaintiff and whether Mr. Dunn agreed to represent plaintiff if the court were to appoint Dunn as counsel. Plaintiff also provided no address for Mr. Dunn.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Moreover, at this stage of the proceedings, the court is unable to assess the merits of plaintiff's claims.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Motion for Reconsideration

As noted above, the undersigned screened plaintiff's complaint by order filed and served on November 30, 2022. On December 19, 2022, plaintiff signed his motion for reconsideration of such order.[1] Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service

////

---

[1] The Court applies the mailbox rule to plaintiff's filing. "[T[he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

of the ruling on the parties." Id. Plaintiff's request for reconsideration of the November 30, 2022 is therefore untimely and is denied.[2]

In his motion, plaintiff provided additional facts concerning retaliation. Plaintiff is provided the following standards for pleading a retaliation claim:

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted). To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." Brodheim v. Cry, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009). If plaintiff intends to assert a retaliation claim, he must specifically identify the protected conduct at issue, name the defendant who took adverse action against him, and plead that the allegedly adverse action[3] was taken "because of" plaintiff's protected conduct.[4]

Notice of Election

On December 21, 2022, plaintiff also filed the notice of election form indicating he opts to

---

[2] In his filing, plaintiff adds factual allegations that were not included in his original complaint. Plaintiff is advised that if he intends to raise such allegations, he must include such allegations in his proposed amended complaint, specifically attributing facts to each named defendant. The court will not entertain piecemeal filings; rather, in his proposed amended complaint, plaintiff is required to include the facts he alleges demonstrate how each named defendant violated plaintiff's civil rights.

[3] For purposes of evaluating a retaliation claim, an adverse action is action that "could chill a person of ordinary firmness from continuing to engage in the protected activity[ ]." Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006). See also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

[4] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

file an amended complaint.  (ECF No. 12.)  However, plaintiff did not provide a proposed amended complaint.  Good cause appearing, plaintiff is granted an additional thirty days in which to file an amended complaint that complies with the November 30, 2022 order.  Because plaintiff is required to file his amended complaint on the court's form, the court will provide the form for plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied without prejudice.

2. Plaintiff's untimely motion for reconsideration (ECF No 13) is denied;

3. Plaintiff is granted thirty days from the date of this order to file an amended complaint on the court's form that complies with the November 30, 2022 order; and

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  December 27, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park2015.31+