FILED
JAN 26 2023
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

1  MELVIN. A. PARKER III AP#1330
2  (CSP-SAC) A4-106
3  P.O BOX 290066
4  REPREA, CA 95671

5  UNITED STATE District Court,
6  For THE EASTERN DISTRICT of CALIFORNIA.

7  MELVIN. A PARKER III
   PLAINTIFF,
8
9        J.
10 DEFENDANTS,
11 WARDEN, JEFF LYNCH, et al.

(AMENDED COMPLAINT,)

Civil NO: 2:22-cv-02015 KJNP

## INTRODUCTION

ON 11-7-22 PETITIONER Filed AN CIVIL 1983 Complaint E-file AGainst Defendants Warden Jeff LYNCH and officers N. West for the HIRING OF INmate J. Puckett. TO commit A crime of Murder AGainst PETITIONER 10-31-19 WITH Deadly WEAPON, Causin(GRAVE INJurys Irrevocably) and Officers M. Burkeheart, for Acting Inconcert with J. Connelly, Retaliatin against Petitioner for Reporting Fellow Officer's for misconducts by Committin SEXual Abuse by (FOREIGN OBJECT or INSTRUMENT) 3401.5. a)(1) Staff sexual misconduct cer AND ABuse of Authority while operating under the color of Law-; Placing Threaten Calls to PETITIONER FAMILY, claiming PETITIONER Is on (SEX OFFENDER") and "Is Goin TO Die". Datin Back over 2½, YEARS constitutin AN(CAMPAINGE OF HARASSMENT.) PETITONER, Filed FAILURE TO PROTECT WHEN MADE AWARE, whe

Pg 1.

1. DEFENDANT JEFF LYNCH; WAS NOTIFYED of STAFF Misconduct;
2. citin; Deliberate InDefference; DUE PROCESS violation
3. of Fourtheeth Admendment.
4. PETITIONER WAS MADE aware 12-27-23 of 30day Notic To
5. Admend Complaint Against Defendants Jeff Lynch and
6. Defendants M. Burkeheart and J. Connelly while the
7. Courts Proceed Accepting to Process matters with officer
8. N. WEST, which PETITIONER fully AGREED with Your Honor
9. MOTION while complaint is being ADMENDED AGAINST said
10. Defendants, et al.
11.
12. AMEND COMPLAINT
13. Count 1. Amend complaint to "Deliberate Indifferances",
14. Superviser Negliences, failing to act when Made aware of
15. The Violent unethical Practice (CSP-SAC) Officers was using to
16. Abuse Prisoners in RETAliation For Reporting Officers by filing 60
17. Staff Complaints FOR USE OF UNEthical "EXCESSIVE FORCE" and office
18. Assisting inmates to Committ Murder, and other forms of
19. RETAliations on Behalf of "CDCT-Officers" (PRIOR!) Before the
20. the arrival of PETITIONER to FACILITY-B "(Long Term Restrictive
21. Housing Unit (LTRHU) SHU Program, which SUPERVISING-
22. official Officers Jeff Lynch, THE WARDEN MUST ACT when Notified
23. and is Made aware of HEALTH and SAFETY RISK, to maintain
24. the Safety of the Facility from Future Risk of INJuris
25. citing - HARDY V. District of Colombia; 601 F.Supp. 2d 182 (D.
26. Dist. 2009) - Which Jeff Lynch failed to ignoeing the Violent
27. unethical "Known" Practices from Officers in "LTRHU" that
28. Created the "Highly Violent Enviorment" and PATTERN ATTACKS

1. PRISONERS "SUFFED IRREVOCABLE INJURYS" FROM THE FAILURE
2. TO SUPERVISE SUBORDANTS, AND THE LACK OF TRAINING CREATED
3. THE INJURYS PETITIONER SUFFERD (10-21-19) FROM BEING VIOLENTLY
4. ATTACKED WHILE CHAINED TO A DAYROOM CHAIR; BY INMATE
5. (D. PUCKETT) WHOM WAS HIRED TO COMMITT MURDER UPON THE
6. PETITIONER ON BEHALF OF (CSP-SAC OFFICER'S AND OFFICER
7. N.WEST,) WHICH THE COURTS ALLOWED SUIT AGAINST THE WARDEN
8. FOR SUPERVISER LIABILITY CITING (HARDY v. DISTRICT OF COLUMBIA
9. 601 F. SUPP. 2d 182 (D.C. DIST. 2009) AND (DELIBERATE IND
10. IFFERANCES OF FOURTEENTH ADMENDMENT. CITING WILSON V.
11. SEITER; 501 U.S. 294 (1991).
12.
13. Count 2.
14. Defendant Jeff Lynch; Deliberate In Differances of the
15. 8th Admendant. To Cruel and UnUsual Punishments
16. Blaintly ignoring the Continued Violent Actions from the
17. Subordaints Under his Supervision that Intentionally Inflicted
18. Emotional Distress and Physical Violence upon Petitioner
19. while operating in Concert with Fellow Officers thru out (CSP-
20. SAC) Placing "HITS" on Petitioner life; to murder and Sexually
21. Assault Me. that Lead to Admissions to CRISIS BEDS from
22. SUICIDEVAL ATTEMPTS Induced from the Sexual Abuse
23. and Other forms of Harassments Officers inflicted upon
24. Petitioner. Defendant Jeff Lynch Received Countless
25. Greivances filed Against Officers N. BurkeHeart, and
26. Officer J. Connelly for Sexually Assaultin' Petitioner
27. by Use of (Foreign Object) and or (Instruments) on the
28. Body, Penitration of "The ANUS" and Touchin of "The PENIS

1  for Sexual Pleasure, while operating under the color of Law as State
2  Actors. Committing RAPE under PREA Standards; Which the Warden
3  was made of by LETTERS WRITTEN to the warden Office by Petition
4  Reporting officers M. BurkeHeart and Officer J. Connelly; Misconduc
5  Constituting 8th Admendment Violation. Cruel and Unusual Punish
6  ments. that was the results of Injurys to Petitioner When Attempti
7  Suicide. From the wardens inaction to intervene. Starr V. Bar
8  652 F.3d 1202; 1202; 1208 (9th Cir. 2011)
9  Defendant Jeff Lynch a Prisonal official, Cannot ignore a Pro
10 blem. Once it is brought to their attention. VANCE V. PETERS; 97
11 F.3d 987 (7th Cir 1996) which Prison Offical failed to for 2½)
12
13 Count 3.
14 PETITIONER; is Admending Complaint AGAINST Officers. M. BurkeHear
15 and C/o Defendant officer: J. Connelly. Filed 11-7-22; E-filer
16 citing "CAMPAIGN OF HARASSMENTS" exspanding over 2½ year
17 OF RAPE under PREAStandards, and "Extortion" by use of Threa
18 to Petitioner Family by PHONE calls and Emails. Intentional Distres
19 resulting in Grave Injurys to Petitioner from Sucidual ATTEMPTS
20 When Officer M. BurkeHeart made calls to Family of Petitioner
21 threaten to Kill Petitioner. For claims of being a "BABYRAPIST,"
22 and SEXUALLY Assaulting PETITIONER 2-20-22 while in cell via
23 COMPUTER TECHNOLOGYS-called "Touch REALITY" that allow office
24 To TOUCH") and ENGAGE in UNEthical conducts via Synthic Media
25 APPlications with REALITY Goggles/or GLASSES.
26 Officer J. Connelly via This Virtual REALITY Glasses-Was
27 Committing "VOYERISM" For Pleasure reasons; beyond of Duty
28 2-20-22 when He made Comments to "Let Him See Me recalli

P94.

1  Good. While Touching me on MY PENIS and BUTTOCKS,
2  Committing RAPE under PREA standards.
3  PETITIONER WROTE THE Wardens Office and filed Grievances
4  Many times (will PRESENT uPON DISCOVERY) REPORTING this incident
5  and was Denied Medical treatments and Adequate Help
6  which allowed these Actions to Continue, Committing violation
7  To PETITIONER DUE PROCESS under the Fourteen Admend-
8  ment.
9  PETITIONER began To Notice that uPon MY arrival to each Hous
10 ing Unit. Officer M. Burkeheart and Cornnelly would use this
11 "AIR-TECHNOLOGY/TouchREALITY" To Communicate with
12 Other Officers whom was Excorting Other PRISoners and
13 PETITIONER, using a "Low Husky Whisper" Giving Officers
14 Orders to SEXUALLY ASSAULT, by RUBBING UP AGAINST the Buttocks
15 Stroking of inmates hands, and to Commit Battery upon
16 PETITIONER, which PETITIONER REPORTED June 27th 2022;
17 until PRESENT. (letters and elder Grievances will be shown upon
18 Discovery)
19 June 21th 2022; PETITIONER wrote Defendant Jeff Lynch
20 Concerning "NO RESPONSE" or Intervention, Concerning the
21 RAPES PETITIONER Continued to suffer; from Both Officers
22 whom uP until PETITIONER writing the warden 6-21-2022
23 had Raped and Harassed PETITIONER Daily via the
24 "Computer Genrated "Touch REALITY" Synthic Technologys,
25 which caused PETITIONER To Commit Suicidal ATTEMPTS To End
26 the Pain by CuTTing PETITIONER THOAT and OTHER BODY PARTS,
27 Leading To Admissions to CRISIS BED and PLACEMENT INTO
28 THE E.O.P PROGRAM For MENTAL HEALTH TREATMENTS.

P95.

1  from the Intentional Infliction of Emotional Distress caused
2  from the CAMPAIGN OF HARASSMENTS in RETALIATION OF ME
3  REPORTING BOTH OFFICERS Conduct to THE FBI, INSPECTOR GENER
4  AL office; Coleman and The SUPERINTENDANT. C.E.O.,
5  (Letters & 602'S will be shown upon discovery); REPORTING
6  THE HEALTH and SAFETY RISK M. Burke Heart imposed upon
7  Petitioner life by "Telling inmates "MELVIN" is in Prison for
8  BABY RAPING! over the AIR using the Prison Announcement
9  (P.A) System. Claiming "Melvin" is an Childmolester and was
10 His CDCR-1286 CHRONO-CENTral file, is AN "R-Suffix; For
11 Baby RAPING. Hoping to Have inmate Murder Petitioner resulti
12 In an Imminent Danger and Future RISK. Violating Petitioners
13 tort PRIVCEI Laws and federal PREA Standard constituting
14 AN Eighth Amendment Violation "Cruel and Unusual"
15 Punishments. STARR V. BACA; 652 F.3d 1202, 1202; 1208
16 (9th Cir. 2011.) and "CAMPAIGN OF HARASSMENT" Calhoun
17 V. HARGONE; 312 F.3d 730 (5th Cir 2002); also,
18 Wittle V. Wisconsin Dept. of Corrections; 434 F.3d
19 1031 (7th Cir. 2006).
20     Count 4
21 Defendant N. WEST; 10-31-19. Paid inmate D. Puckett to
22 Commit an ACT of Murder upon PETITIONER Officer,
23 N. WEST; assist inmate D. Puckett; by REMOVING HIS CLOCK
24 RESTRAINS from around the Waist, and Handcuffs to be
25 free to Commit Murder as PETITIONER sat in The Day
26 Room. Chained to a Dayroom chair, violently attacking
27 PETITIONER when D. PUCKETT Door OPENS. Violently Stabbing
28 Petitioner with a Deadly Weapon Causing injurys to

P96.

1. PETITIONER; Irrevocably Physcially and Constitutional RIGHTS. "Cruel
2. and Unusual Punishments". of the Eighth Admendment. (BROWN v.
3. LIPPARD; F.2d 384 (5th Cir. 2006).
4. THE Courts STATUS declare that all Allegations shall be Assumed
5. Facial and TRUE, should be only dissmissed when the Defendants
6. Present Facial showing upon Discovery. citing KANANAVICIUS v.
7. JPMORGAN chase Bank; NA 2015 U.S. Dist. LEXIS 114322...
8. THE Courts; shall (GRANT) "PRO SE" Motion to Amend Complaint filed
9. upon Defendants Jeff Lynch; Individually. and IN OFFICIAL
10. Conpasity. et; al; DEFENDants; Officers; M. Burkehart and Officers
11. N.WEST and Officers J. Connnelly; needing only to raise a reason-
12. able. Elements "of the claim. Id. at 234; (Twombly; 550 U.S at 556)
13. Assuming the truth of Facts Alleged; Rule 12(b)(6) Authorizing The
14. Court to disMISS a claim on basis Response. PRovide Evidence. at
15. Discovery.
16. THE Court shall GRANT PRO SE. Motion to Amend Complaint Filed 11-7-22
17. To Correct Cogizable Concerns as to Allegations filed. (citing
18. Shomo v. City of NEW YORK; 579 F.3d 176 (2d Cir. 2009)
19.         PETITIONER; (DEMAND A JURY TRIAL) PUNTIVE DAMAGES of
20. Said Violations. 8th Admendment, 14th Admendment and
21. Phyiscal Irrevocable Injury and EMOTIONAL Distress ($20,000,000
22. Dollars) and COMPENSATION DAMAGES INDividually ($100,000 $)
23. EAch officers (Jointly and SEVERAlly). any Relief Court DEEM Just.
24.         Under PENALTY of PERJURY ALL is TRUE and Correct.
25.    DATED. 1-24-23
                                    SUBMITTED;
26. MELVIN A. PARKER III AP-1220    Melvin A. Parker # AP-1220
27. CSP-SAC-H4-106#
    P.O. BOX 290066                 (SEE EXHIBITS-A1 B-A2)
28. REPRESA, CA 95671

p9 7.

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: DEClaration from INMATE (Durell Puckett #G05549)

Number of pages to this Exhibit: 2 pages.

JURISDICTION:   (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

Declaration of Durrell Anthony Puckett

Exhibits # A1
Declaration A1
(Incident: 10-31-19)

I, Durrell Anthony Puckett declare as follows;

1) On 10/31/19 Officers heard me engage in a intense abusive conversation with Inmate/Patiant Parker (cdcr No: AP1330) so prior to dayroom activity officer West had approached my cell and stated "Now or never if you want Parker," or words to that effect.

2) I, stated "for real," and West stated "Yeah he wants to file 602's will set it up," or words to that effect.

3) The camcorder will show West retaking my waist chains off than the door openning.

4) I told Lt. Williamson on 12-11-19 around 6:15 p.m but he gotten mad and walked off without writting anything down.

4) Officer J. Monroy and Sgt. C. Parham had no knowledgment to my understanding.

I, Durrell Anthony Puckett declare under penalty of perjury that the foregoing is true and correct on December 11th, 2019 in Represa, California

Declarant
Durrell Anthony Puckett
cdcr# G-05549

I, Durrell Anthony Puckett declare that Lt. Williamson got upset when I made a statement for I/p Parker about c/o West on how staff intentionally allowed him to get victimized by me, he should not even get found guilty of a RVR 115 for defending hisself.

I also want it noted that I 602ed c/o West for him deliberately allowing a inmate to almost get killed. c/o West knew of our disagreement with each other so c/o West stated "This is your chance," referring to I/p Parker... West and I/p Parker had previously had exchanged words so he payed me through a Greendot number to try to kill parker and++ which I was unsuccessful. Due to I/p Parker was trying to peacefully protest his rights.

I want it noted that Lt. Williamson did not write my statement down nor ask (2) or more questions.

I, Durrell Anthony Puckett declare under penalty of perjury that the foregoing is true and correct on December 30th, 2019   x _Durrell Ant Pitt_
                                Declarant D. Puckett

# EXHIBIT COVER PAGE

 A2*

EXHIBIT

Description of this Exhibit: MEMORANDUMS from WARDEN JEFF LYNCH. 12-20-22

Number of pages to this Exhibit: __2__ pages.

JURISDICTION:   (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

Exhibits: A2
REPORTED RETALIATION C—

State of California

OIA Investigation/Allegation Inquiry Findings
Department of Corrections and Rehabilitation

# Memorandum

Date : December 20, 2022

To : PARKER AP1330
California State Prison, Sacramento
Facility A
A 004 1-006001U

Subject: **INVESTIGATION/ALLEGATION INQUIRY FINDINGS RELATIVE TO GRIEVANCE LOG #: 211855 AND/OR ALLEGATION AGAINST STAFF TRACKING SYSTEM LOG #: 20004615.**

**ISSUE:** Inmate Parker alleged ongoing retaliation from staff involving sexual assaults by using a computer generated device. Parker alleged staff engaged in intimidation by smiling at him while saying, "cuff it up." Parker claimed staff lost evidence related to alleged murder for hire 10/31/2019.

**DETERMINATION OF ISSUE:** Your claim contained an allegation of staff misconduct and was either processed as an Office of Internal Affairs (OIA) Investigation, or as an Allegation Inquiry by a Locally Designated Investigator (LDI).

**FINDINGS:** Upon receipt and review of the Confidential Investigation Report, Allegation Inquiry, or approval from OIA for direct adverse action, the Hiring Authority determined your allegation was:

☒ NOT SUSTAINED: The investigation or inquiry failed to disclose a preponderance of evidence to prove or disprove the allegation made in the complaint.

☐ UNFOUNDED: The investigation or inquiry conclusively proved that the act(s) alleged did not occur, or the act(s) may have, or in fact, occurred but the individual employee(s) named in the complaint(s) was not involved.

☐ EXONERATED: The facts, which provided the basis for the complaint or allegation, did in fact occur; however, the investigation or inquiry revealed that the actions were justified, lawful, and proper.

☐ SUSTAINED: The investigation or inquiry disclosed a preponderance of evidence to prove the allegation(s) made in the complaint.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.** As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or any offender. Although you have the right to submit an allegation of staff misconduct, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff misconduct process. Your claim was identified as an allegation of staff misconduct, meaning it was referred to an appropriate authority within the Department for the purpose of gathering facts needed to prove or disprove the allegation. The Inquiry/Investigation was completed and your administrative remedies shall be considered exhausted.

_____          _____
J. LYNCH                                           Date
Warden

State of California

OIA Investigation/Allegation Inquiry Findings
Department of Corrections and Rehabilitation

# Memorandum

Date : December 20, 2022

To : PARKER AP1330
California State Prison, Sacramento
Facility A
A 004 1-006001U

Subject: **INVESTIGATION/ALLEGATION INQUIRY FINDINGS RELATIVE TO GRIEVANCE LOG #: 222772 AND/OR ALLEGATION AGAINST STAFF TRACKING SYSTEM LOG #: 20008298.**

**ISSUE:** Parker alleged Officers BURKHART and "CURLLEY" have been watching him in his housing unit while washing up, using the bathroom, and pleasuring himself.

Parker alleged staff have utilized devices can enter his cell, force themselves on him, grope him, and sodomize him. Parker alleged CSP-SAC has failed to properly investigate his claims.

Parker alleged staff are using voice technology to contact his friends and family to tell them he is in prison for raping babies. Staff have also used this voice technology to mimic his daughter's voice over the PA system saying he touched his daughter when he she was six years old.

Parker alleged Officer WEST and other staff paid Inmate Puckett to kill him in the B8 dayroom on 10/31/2019, and nothing happened, and the incident was covered up.

**DETERMINATION OF ISSUE:** Your claim contained an allegation of staff misconduct and was either processed as an Office of Internal Affairs (OIA) Investigation, or as an Allegation Inquiry by a Locally Designated Investigator (LDI).

**FINDINGS:** Upon receipt and review of the Confidential Investigation Report, Allegation Inquiry, or approval from OIA for direct adverse action, the Hiring Authority determined your allegation was:

☒ NOT SUSTAINED: The investigation or inquiry failed to disclose a preponderance of evidence to prove or disprove the allegation made in the complaint.
☐ UNFOUNDED: The investigation or inquiry conclusively proved that the act(s) alleged did not occur, or the act(s) may have, or in fact, occurred but the individual employee(s) named in the complaint(s) was not involved.
☐ EXONERATED: The facts, which provided the basis for the complaint or allegation, did in fact occur; however, the investigation or inquiry revealed that the actions were justified, lawful, and proper.
☐ SUSTAINED: The investigation or inquiry disclosed a preponderance of evidence to prove the allegation(s) made in the complaint.

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, **Melvin Parker III**, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

> MELVIN PARKER III
> (CSP-SAC) A4-106
> P.O. BOX 290066
> REPRESA, CA 95671

On, **JAN, 24th, 2023**, I served the following documents:

> Motion To Amend Complaint 2-22-cv-02015KJNP, and 4 Exhibits (Declaration A1) and (Memorandum A2) dated 12-20-22

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. EASTERN DISTRICT COURT
   OFFICE OF THE CLERK
   501 I STREET SUITE 4-200
   SAC, CA 95814

2. _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this **24th** day of **JAN**, **2023**, at California State Prison - Sacramento, Represa, California.

(Signature) *Melvin Parker III*