UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff appears pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff's amended complaint is before the court.

As discussed below, plaintiff is again granted the option of proceeding solely as to defendant N. West, or plaintiff may delay service of process and attempt to file a second amended complaint as to defendant Lynch.

Background

On November 30, 2022, the undersigned found plaintiff stated a potentially cognizable Eighth Amendment claim against defendant West, an officer at California State Prison, Sacramento, who allegedly paid inmate Durrell Puckett on October 31, 2019, to murder plaintiff, assisting Puckett by removing his restraints and opening his cell door to enable Puckett to attack plaintiff, who was chained to the dayroom floor.  Plaintiff was granted leave to amend as to other

defendants and claims. On January 26, 2023, plaintiff filed an amended complaint in which he renewed his potentially cognizable Eighth Amendment claims against defendant West but included unrelated claims against other defendants. (ECF No. 18 (Count 4).) On March 16, 2023, plaintiff's unrelated claims were severed from this action, and this case now proceeds solely on plaintiff's claims arising from the October 31, 2019 incident involving defendant N. West. (ECF No. 20.)

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Amended Complaint[1]

In count four, plaintiff again alleges that on October 31, 2019, defendant West, an officer at California State Prison, Sacramento ("CSP-SAC"), hired inmate Durrell Puckett to murder plaintiff, assisting Puckett by removing his restraints and opening his cell door to enable Puckett to attack plaintiff who was chained to the dayroom floor.

In count one, plaintiff includes various claims that defendant Lynch failed to act in response to reports that CSP-SAC officers were retaliating in violent and unethical ways in response to inmates filing grievances alleging excessive force, officers assisting inmates to commit murder, and other forms of retaliatory behavior.  (ECF No. 18 at 2.)  Plaintiff contends that defendant Lynch failed to supervise subordinates and provide training such that he failed to protect plaintiff from being violently attacked on October 31, 2019.  (Id.)

Plaintiff seeks money damages.  Plaintiff names as defendants Warden Jeff Lynch and Officer N. West.

Discussion

The court reviewed plaintiff's amended complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim Eighth Amendment claim against defendant N. West.  See 28 U.S.C. § 1915A.  For the reasons stated below, the court finds

////

---

[1] The remaining counts in the amended complaint are addressed in Case No. 2:23-cv-0503 KJN P (E.D. Cal.) by separate order.

that the complaint does not state a cognizable claim against defendant Lynch.  The claim against defendant Lynch is dismissed with leave to amend.

Defendant Lynch

Plaintiff alleges defendant Lynch is responsible based on generalized complaints made to Lynch at unknown times.

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in several ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have an affirmative duty to protect inmates from violence at the hands of other inmates.  See id. at 833.  To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety.  Farmer, 511 U.S. at 834.  "Mere negligence is not sufficient to establish liability."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 837.  That is, "the official

4

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. To prove knowledge of the risk, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842.

Here, plaintiff includes no facts demonstrating that defendant Lynch was aware that inmate Puckett posed a threat to plaintiff prior to the October 31, 2019 attack, or that Lynch was aware that defendant West would assist Puckett in such attack. In addition, Lynch's role as supervisor is insufficient to state a cognizable civil rights claim. Based on plaintiff's conclusory allegations it is again unclear whether plaintiff can state a cognizable civil rights claim against defendant Lynch.

Plaintiff's Options

Plaintiff may proceed forthwith to serve defendant N. West and pursue his Eighth Amendment claim against only that defendant, or he may delay serving any defendant and attempt to state a cognizable claim against defendant Lynch.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the defendant Lynch, he has thirty days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendant West, against whom he stated a potentially cognizable claim for relief, then within thirty days plaintiff must so elect on the appended form. In this event the court will construe plaintiff's election as consent to dismissal of the remaining claims against defendant Lynch.

Leave to Amend

Plaintiff is advised that in a second amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the second amended complaint so defendants have fair notice of the claims plaintiff is presenting.

Any second amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It

must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id. at 1950.

Any amended complaint must be complete without reference to any prior pleading.  Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.

Plaintiff is not required to provide exhibits with his pleading.

////

Finally, plaintiff is not granted leave to add new claims or new defendants to this action. Rather, this action proceeds solely on plaintiff's claims arising from the October 31, 2019 incident. If plaintiff opts to amend, he is granted leave to amend solely for the purpose of renewing his claims against defendant N. West and attempting to state cognizable claims as to defendant Lynch.

Motion for Appointment of Counsel

On March 23, 2023, plaintiff renewed his motion for appointment of counsel.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against defendant Lynch are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant Lynch. Plaintiff is not obliged to amend his complaint.

2. The allegations in the amended pleading are sufficient to state a potentially cognizable Eighth Amendment claim against defendant N. West. See 28 U.S.C. § 1915A. If plaintiff

chooses to proceed solely as to such Eighth Amendment claim, plaintiff shall so indicate on the attached form and return it to the court within thirty days from the date of this order.  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the remaining defective claims against defendant Lynch without prejudice.

     3. Failure to comply with this order will result in a recommendation that this action be dismissed.

     4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

     5. Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without prejudice.

Dated:  March 28, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park2015.14o2

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff submits the following documents in compliance with the court's order filed _____.

_____Plaintiff consents to the dismissal of defendant Lynch without prejudice.

**OR**

\_\_\_\_\_ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

_____
Plaintiff