UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding pro se and without counsel. On March 28, 2023, the undersigned issued an order denying plaintiff's motion for appointment of counsel. On April 10, 2023, plaintiff filed a request for reconsideration of that order.

    Local Rule 230(j) identifies material facts and circumstances litigants should address in seeking reconsideration:

> (1) when and to what Judge . . .the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

E.D. L.R. 230(j).

Plaintiff claims that he faces circumstances similar to other litigants: i.e., he must "serve process" on defendants who prevent plaintiff from accessing the law library and delay his outgoing mail to the court. Plaintiff contends he meets all the factors under Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002). Plaintiff believes the court must consider his education level and "competency to law," citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993), before denying appointment of counsel. (ECF No. 25 at 1.) Plaintiff claims that district judges have appointed counsel for prisoners who meet the factors under Montgomery. (Id.) He reiterates his contention that his imprisonment greatly limits his ability to access the courts. (ECF No. 25 at 2; see also ECF No. 10 at 2.)

> Generally, a person has no right to counsel in civil actions. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004), cert. denied sub nom. Gerber v. Agyeman, 545 U.S. 1128, 125 S. Ct. 2941, 162 L.Ed.2d 867 (2005).

Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

This court is part of the Court of Appeals for the Ninth Circuit, and therefore cases from the Third and Seventh Circuits are not binding on this court. In the Ninth Circuit, as plaintiff was previously informed, courts may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1), but only in certain exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Obviously, the ability to litigate is impaired by imprisonment, which is common to all prisoners. But circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Moreover, the records of this case demonstrate that plaintiff is able to articulate his claims. Indeed, plaintiff has filed multiple motions, including some that cite various legal authorities,

which belies his claim that his court access is unduly limited.  (ECF Nos. 10, 11, 13, 16, 19, 21, 22, 25.)[1]

As for service of process, this court has developed a pilot project that expedites service of process on behalf of incarcerated individuals; plaintiff is not required to serve process on any defendant.  In fact, by separate order, the undersigned directed the U.S. Marshal to serve defendant N. West.  Finally, plaintiff provided no additional facts that demonstrate his case presents exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 10, 2023, request for reconsideration (ECF No. 25) is granted; and

2. Upon reconsideration, plaintiff's request for appointment of counsel is denied.

Dated:  April 25, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

//park2015.230j

---

[1] Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined he has filed excessive motions in a pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989).  This is particularly true for repetitive motions seeking the same relief the court previously denied.  In addition, the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of pro se inmate cases. This sometimes causes unavoidable delays in the resolution of individual matters, and plaintiff's continued filing of duplicative motions does nothing but further slow the court's ability to address his case.  Plaintiff is cautioned that he may be subject to restricted court access if plaintiff does not exercise some restraint going forward.