UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On July 24, 2023, a proper waiver of service was returned executed for defendant N. West. (ECF No. 41.) On July 31, 2023, this action was stayed pending referral to the ADR pilot project. (ECF No. 42.) Despite the stay of this action, on September 22, 2023, plaintiff filed another motion for default judgment as to defendant N. West. Plaintiff contends that defendant West was required to file a responsive pleading within thirty days from June 23, 2023. (ECF No. 43 at 1.) Plaintiff seeks entry of clerk's default judgment under Rule 55(b) of the Federal Rules of Civil Procedure.

However, plaintiff's motion fails for several reasons. First, Rule 4(d)(3) provides that if a defendant, prior to being served with process, waives service of summons, such defendant is granted sixty days to respond. Fed. R. 4(d)(3); see also ECF No. 41 at 11. Although prior notices of intent to file waivers of service were filed (ECF Nos. 34 & 37), defendant West did not file the

1

waiver of service until July 24, 2023 (ECF No. 40). West's deadline for filing a responsive pleading was extended to August 6, 2023. Second, no clerk's entry of default has yet been entered as required by Federal Rule of Civil Procedure 55(a). No default judgment can be entered absent clerk's entry of default. Third, rather than await defendant West's responsive pleading, the undersigned referred this case to the post screening ADR pilot project and stayed the case for 120 days pending preparation and participation in a settlement conference. The stay of this action precludes filing of matters unrelated to the settlement process, effectively staying defendant West's deadline to file a responsive pleading until such settlement process is completed. Thus, in light of the stay, it is inappropriate to enter clerk's default. Once the settlement process is completed, if the case does not settle, the court will set a new deadline for defendant West's responsive pleading.[1] Fourth, plaintiff's motion for clerk's entry of default judgment under Rule 55(b)(1) is inappropriate because plaintiff's complaint does not allege a claim for a sum certain. Fed. R. Civ. P. 55(b)(1). Rather, plaintiff seeks money damages based on alleged violations of the Eighth Amendment.

On September 29, 2023, counsel for defendant West filed a motion for a thirty day extension of time to respond to the referral order. (ECF No. 44.) Good cause appearing, defendant's motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 43) is denied without prejudice;

2. Defendant West's motion for extension of time (ECF No. 44) is granted; and

3. Both parties have up to and including October 30, 2023, in which to respond to the court's July 31, 2023 referral order (ECF No. 42).

Dated: October 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/park2015.den.eot

---

[1] In the meantime, counsel for defendant N. West has appeared in this action (ECF Nos. 41, 44), and plaintiff may communicate and negotiate with defendant's counsel.

2