ROB BONTA, State Bar No. 202668
Attorney General of California
JOANNA B. HOOD, State Bar No. 264078
Supervising Deputy Attorney General
PATRICIA M. KEALY, State Bar No. 348201
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7366
 Fax: (916) 324-5205
 E-mail: Patricia.Kealy@doj.ca.gov
*Attorneys for Defendant N. West*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MELVIN PARKER,**<br><br>    Plaintiff,<br><br>    v.<br><br>**N. WEST,**<br><br>    Defendant. | 2:22-cv-02015 KJN<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF NO. 18]; DEMAND FOR JURY TRIAL**<br><br>Judge:      The Honorable Kendall J. Newman<br>Trial Date: Not Set<br>Action Filed: November 7, 2022 |

## ANSWER

Defendant West answers Plaintiff's First Amended Complaint ("Complaint") (ECF No. 18) as follows. Unless stated otherwise, except for those allegations that are expressly admitted, Defendant denies each and every allegation in Plaintiff's Complaint.

1. In response to pages 1-2[1] of the Complaint, "Introduction," Defendant admits that Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and that on November 7, 2022, Plaintiff filed his original complaint (ECF No. 1). Defendant further admits that on December 27, 2022, the Court directed Plaintiff to file an amended complaint. (ECF No. 15 at 4.) Defendant denies

---
[1] Plaintiff's Complaint is handwritten. All references to page numbers herein refer to the Complaint as paginated by the Court's Electronic Case Filing System.

1

Plaintiff's allegations that he hired inmate Durrell Puckett (G05549) to attack Plaintiff on October 31, 2019. To the extent that Plaintiff's allegations relate to non-parties and claims that have been screened out, Defendant lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations and, on that basis, denies them.

2. In response to pages 3-4 of the Complaint, "Amend Complaint," "Count 1," Defendant admits that on October 31, 2019, Plaintiff was attacked by inmate Puckett while chained to a dayroom chair. However, Defendant denies that he hired inmate Puckett to murder or otherwise cause harm to Plaintiff. To the extent that Plaintiff's allegations relate to non-parties and claims that have been screened out, Defendant lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations and, on that basis, denies them.

3. In response to pages 2-3 of the Complaint, "Amend Complaint," "Count 2," Defendant lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding non-parties and claims that have been screened out and, on that basis, denies them.

4. In response to pages 4-6 of the Complaint, "Amend Complaint," "Count 3," Defendant lacks the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations regarding non-parties and claims that have been screened out and, on that basis, denies them.

5. In response to pages 6-7 of the Complaint, "Amend Complaint," "Count 4," Defendant admits that on October 31, 2019, Plaintiff was attacked by inmate Puckett while chained to a dayroom chair. However, Defendant denies that Plaintiff was murdered, denies paying inmate Puckett to murder or otherwise cause harm to Plaintiff, and denies removing inmate Puckett's restraints to facilitate his attack on Plaintiff. Defendant denies that he violated Plaintiff's Constitutional rights and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. To the extent that Plaintiff's allegations and requests for relief relate to non-parties and claims that have been screened out, Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations or legitimacy of the relief requested and, on that basis, denies them.

2

Def.'s Answer to Pl.'s First Amend. Compl. [ECF No. 18]; Demand for Jury Trial  (2:22-cv-02015 KJN)

6. In response to pages 8-13 of the Complaint, Plaintiff's attachments to the Complaint, Defendant lacks sufficient knowledge or information to form a belief about the authenticity or content of the attachments and, on that basis, denies them.

### AFFIRMATIVE DEFENSES

Defendant West asserts the following as separate affirmative defenses to Plaintiff's Complaint:

1. Defendant is entitled to immunity or qualified immunity because no reasonable person in his respective position would believe that his conduct was unlawful and the law was not clearly established that Defendant could be held liable for such conduct.

2. To the extent Plaintiff suffered any damages, he failed to mitigate his damages.

3. To the extent Plaintiff suffered damages, his own conduct contributed to those damages.

4. The damages sustained by Plaintiff, if any, were fully or partly the fault of others, who are not parties to this lawsuit. The identities of any such individuals may be determined in the course of discovery.

5. To the extent that Plaintiff is seeking damages against Defendant in his official capacity, Plaintiff's claims are barred by the Eleventh Amendment.

6. To the extent that Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed because Plaintiff cannot show that Defendant's conduct caused him any physical injury, as required by 42 U.S.C. § 1997e(e).

7. To the extent that Plaintiff has previously litigated the issues raised in the Complaint, and those claims were finally determined, Plaintiff's claims are barred by the doctrines of res judicata or collateral estoppel.

8. Plaintiff failed to timely and properly exhaust his available administrative remedies before filing the operative Complaint.

Because Plaintiff's Complaint is couched in vague and conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the

3

Def.'s Answer to Pl.'s First Amend. Compl. [ECF No. 18]; Demand for Jury Trial  (2:22-cv-02015 KJN)

right to assert additional affirmative defenses, to the extent such affirmative defenses are applicable, is reserved.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38, Defendant West demands that this action be tried by a jury.

## PRAYER FOR RELIEF

Defendant West prays that the Court provide the following relief:

1. That Plaintiff take nothing by reason of his Complaint, and that judgment be rendered in favor of Defendant;

2. That Defendant be awarded attorney's fees pursuant to 42 U.S.C. section 1988;

3. That Defendant be awarded costs of suit incurred in defense of this action; and

4. Any other relief as the Court deems just and proper.

Dated: February 8, 2024                               Respectfully submitted,

                                                                             ROB BONTA
                                                                             Attorney General of California
                                                                             JOANNA B. HOOD
                                                                             Supervising Deputy Attorney General


                                                                             ***/s/ Patricia M. Kealy***
                                                                             PATRICIA M. KEALY
                                                                             Deputy Attorney General
                                                                             *Attorneys for Defendant N. West*

SA2023303229
37819216.docx

4

Def.'s Answer to Pl.'s First Amend. Compl. [ECF No. 18]; Demand for Jury Trial  (2:22-cv-02015 KJN)

# CERTIFICATE OF SERVICE

Case Name: **Melvin Parker (AP1330) v. N. West**   No. **2:22-cv-02015 KJN**

I hereby certify that on February 8, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF NO. 18]; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 8, 2024, at Sacramento, California.

| T. Farster | /s/ T. Farster |
|---|---|
| Declarant for eFiling | Signature |

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On February 8, 2024, the foregoing document(s) have been mailed in the Office of the Attorney General's internal mail system, by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Melvin Parker, AP1330
Kern Valley State Prison
P.O. Box 5101
Delano, CA 93216
**In Pro Per**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 8, 2024, at Sacramento, California.

| A. Zamora | /s/ A. Zamora |
|---|---|
| Declarant for Service by U.S. Mail | Signature |

SA2023303229
37861614.docx