UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 CSK P |
| Plaintiff, | |
| v. | ORDER |
| N. WEST, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Pending before the court is defendant's motion to modify the scheduling order and to reopen discovery filed September 16, 2024. (ECF No. 59). For the following reasons, defendant's motion is granted.

Governing Standards

The court will modify dates set forth in a scheduling order only upon a showing of good cause by the moving party. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. See Sheridan v. Reinke, 611 F. App'x 381, 384 (9th Cir. 2015) (applying Johnson "good cause" requirement to motion to reopen discovery); Yeager v. Yeager, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery). The primary factor courts consider in making a good cause determination is whether the moving party was diligent in its attempts to complete discovery in a timely manner. Johnson, 975 F.2d at 609.

If that party was not diligent, the inquiry should end and the request should be denied. Id.

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, courts consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

United States v. ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995) (citation omitted), vacated on other grounds, 520 U.S. 939 (1997).

Discussion

On June 18, 2024, this Court granted defendant's first motion to modify the scheduling order and extended the discovery deadline to August 8, 2024. (ECF No. 58.) The September 16, 2024 dispositive motion deadline remained in effect. (Id.) In the pending motion, defendant requests that discovery be reopened until October 31, 2024 so that defendant may depose critical incarcerated witness Durrell Puckett and that the dispositive motion deadline be extended to November 20, 2024. (ECF No. 59-1.) In this action, plaintiff claims that defendant bribed Mr. Puckett to try to kill plaintiff. (Id.) Mr. Puckett has been criminally charged in Sacramento County Superior Court with the attempted murder of plaintiff on October 31, 2019. (Id.) Defendant initially anticipated that Mr. Puckett's testimony or plea in his criminal case would become available before the relevant deadlines in the instant action. (Id.) However, Mr. Puckett's criminal case remains active and the next hearing in the criminal case is scheduled for November 8, 2024. (Id.) Given the extended and uncertain timeline of Mr. Puckett's criminal case, defense counsel cannot predict if and when relevant testimony or a plea will occur in that case. (Id.)

Defendant states that following the August 1, 2024 deposition of plaintiff, the extent to which information Mr. Puckett allegedly conveyed to plaintiff to form the basis for this suit was abundantly clear. (Id.) The relevancy and foreseeable need for Mr. Puckett's testimony in this case also became equally clear. (Id.) If Mr. Puckett invokes his Fifth Amendment rights during

the deposition, defendant will seek a stay of this matter pending resolution of Mr. Puckett's criminal case.  (Id.)

This Court finds that defendant has shown good cause to reopen discovery for the limited purpose of deposing Mr. Puckett and to extend the dispositive motion deadline.  In making this finding, this Court observes that no trial date has been set in this action.  In addition, this Court finds that plaintiff is not prejudiced by reopening discovery until October 31, 2024 so that Mr. Puckett may be deposed.  This Court also finds that defendant acted diligently by making the pending request after determining that Mr. Puckett's criminal proceedings had not concluded and after evaluating the need for Mr. Puckett's testimony following plaintiff's deposition.  The pending motion also demonstrates that deposing Mr. Puckett is likely to lead to relevant evidence.  Although plaintiff has not opposed the pending motion, this Court finds that the factors discussed above demonstrate good cause to grant defendant's motion to reopen discovery for the limited purpose of deposing Mr. Puckett and to extend the dispositive motion deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order and to reopen discovery (ECF No. 59) is granted;

2. Discovery is reopened until October 31, 2024 for the limited purpose of deposing incarcerated witness Durrell Puckett; and

3. The dispositive motion deadline is extended to November 20, 2024.

Dated:  September 18, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Park2015.eot

2