UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER,<br><br>        Plaintiff,<br><br>    v.<br><br>N. WEST,<br><br>        Defendant. | No.  2:22-cv-2015 CSK P<br><br>ORDER AND REVISED SCHEDULING ORDER |

      Plaintiff is a state prisoner proceeding pro se.  Before the Court is defendant's motion to compel compliance with the deposition subpoena for the testimony of an incarcerated nonparty witness and second motion to modify the scheduling order.  (ECF No. 61.)  As discussed below, defendant's motion is denied without prejudice, and the scheduling order is modified pending refiling and resolution of the renewed motion to compel compliance with the deposition subpoena.

I.     BACKGROUND

      This action proceeds on plaintiff's amended complaint alleging that on October 31, 2019, defendant N. West allegedly paid inmate Durrell Puckett to murder plaintiff by removing Puckett's restraints and opening his cell door to enable Puckett to attack plaintiff, who was chained to the dayroom floor.  (ECF No. 18 at 6-7.)  In Sacramento County Superior Court, Case No. 20FE002269, inmate Durrell Puckett was criminally charged with the attempted murder of

1

plaintiff on October 31, 2019.  (ECF No. 61-1 at 3, 8.)

On September 18, 2024, on defendant's motion, the scheduling order was modified, and discovery was reopened for the limited purpose of deposing Mr. Puckett.  (ECF No. 60.)  The Court found that deposing Mr. Puckett is likely to lead to relevant evidence.  (Id. at 3.)  Discovery was reopened until October 31, 2024, and the dispositive deadline was extended to November 20, 2024.  (Id.)

On September 30, 2024, defendant noticed Mr. Puckett's deposition for October 14, 2024, at California State Prison, Corcoran, where Mr. Puckett was incarcerated, and served the notice and subpoena on Mr. Puckett at his current address.  (ECF No. 61-1 at 14-17.)  The subpoena also commanded Mr. Puckett to bring with him to the deposition all documents in his "possession that pertain to the allegations and issues that are the subject matter of this lawsuit."  (ECF No. 61-1 at 14.)

On October 31, 2024, defendant filed a motion to compel compliance with deposition subpoena for the deposition testimony of incarcerated witness Durrell Puckett, CDCR No. G05549, who refused to appear at the October 14, 2024 deposition.[1]  (ECF No. 61.)  In addition, defendant sought to modify the scheduling order to reopen discovery to take Mr. Puckett's deposition, address any failure to comply, and file a dispositive motion.  (Id.)  Plaintiff did not file an opposition.

II.  MOTION TO COMPEL DEPOSITION TESTIMONY

A.  Defendant's Position

Defendant seeks an order compelling compliance with deposition subpoena for Mr. Puckett, an incarcerated nonparty, to appear and participate in a deposition.  (ECF No. 61-1 at 2 (citing Fed. R. Civ. P. 30(a)(1), 37(a), and 45).)  Defendant does not seek contempt sanctions at this time, but if Mr. Puckett disobeys another deposition subpoena and court order, defendant will move to exclude his testimony and seek other appropriate sanctions.  (ECF No. 61-1 at 4.)

///

---

[1] Defendant did not refer to a "subpoena duces tecum," which, when included in a subpoena for deposition, requires the deponent to bring certain documents with him to the deposition.

B. Governing Standards

The Court has broad discretion to manage discovery. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012). Rule 30 of the Federal Rules of Civil Procedure provides that, with some exceptions, "[a] party may, by oral question, depose any person . . . without leave of court." Fed. R. Civ. P. 30(a)(1).[2] Pursuant to Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A Rule 45 subpoena is the only discovery method by which information may be obtained from a nonparty. Fed. R. Civ. P. 45. Under Rule 45, a subpoena commands each person to whom it is directed to attend and give testimony. Fed. R. Civ. P. 45(a)(1)(A)(iii). A properly issued subpoena is itself a court order. Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983).

C. Discussion

Following review of the motion to compel compliance with the deposition subpoena and the exhibits appended thereto, it appears that defendant failed to serve a copy of the motion to compel compliance on the nonparty witness, Mr. Puckett. (ECF Nos. 61 at 3; 61-1 at 31.) Although defendant served a copy of the motion on plaintiff, there is no certificate of service attesting to service of the motion on Mr. Puckett, who is entitled to notice and an opportunity to respond to the motion. (Id.) Therefore, defendant's motion to compel compliance with the deposition subpoena is denied without prejudice to renewal, accompanied by a certificate of service attesting to service on nonparty witness Durrell Puckett, CDCR No. G05549.[3]

III. MOTION TO MODIFY SCHEDULING ORDER

Defendant also seeks to modify the scheduling order to take Mr. Puckett's deposition, address any failure to comply, and file a dispositive motion. (ECF No. 61-1 at 2.) Specifically,

---

[2] Mr. Puckett is incarcerated and thus his deposition would ordinarily be subject to leave of Court. Fed. R. Civ. P. 30(a)(2). In this case, on February 15, 2014, the parties were already granted leave to depose an incarcerated plaintiff or witness. (ECF No. 55 at 5.)

[3] According to the California Department of Corrections and Rehabilitation ("CDCR") California Incarcerated Records and Information Search ("CIRIS"), it appears Mr. Puckett is now incarcerated at the California Men's Colony, San Luis Obispo, California. This information was obtained from the CDCR Inmate Locator website, <https://ciris.mt.cdcr.ca.gov> (accessed Dec. 2, 2024).

defendant asks the Court to extend the deadline to take Mr. Puckett's deposition and to file any necessary motion to compel for thirty days after the Court addresses defendant's motion. Also, defendant requests that the dispositive motions deadline be extended until forty-five days after the Court addresses defendant's motion.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Good cause appearing, defendant's motion to modify the discovery and scheduling order (ECF No. 61) is partially granted. The record reflects that defendant has been diligent in efforts to complete discovery, and to depose Mr. Puckett. Defendant is granted an extension of time to renew his motion to compel compliance with deposition subpoena, and the discovery deadline is extended until the Court rules on such renewed motion. If the renewed motion is granted, the Court will issue an appropriate order revising the discovery deadline accordingly. In all other respects, discovery remains closed. The pretrial motions deadline is stayed and will be reset once the renewed motion to compel Mr. Puckett's deposition is resolved.

IV.   CONCLUSION

Therefore, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel compliance with deposition subpoena (ECF No. 61) is denied without prejudice to renewal.
2. Defendant's renewed motion to compel compliance with deposition subpoena shall be filed within fourteen days from the date of this order and shall be accompanied by a certificate of service attesting to service on nonparty witness Durrell Puckett.
3. Defendant's motion to modify the scheduling order (ECF No. 61) is partially granted.
4. Discovery is reopened through resolution of defendant's renewed motion to compel

compliance with deposition subpoena; discovery is reopened solely for the limited purpose of addressing such nonparty deposition.  For all other purposes, discovery remains closed.

5. The pretrial motions deadline is stayed pending further order of Court.
6. The Clerk of the Court is directed to serve a copy of this order on nonparty Durrell Puckett, CDCR No. G05549, California Men's Colony, P.O. Box 8101, San Luis Obispo, California  93409-8101.

Dated:  December 23, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/park2015.16b2