1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JOANNA B. HOOD, State Bar No. 264078
   Supervising Deputy Attorney General
3  PATRICIA M. KEALY, State Bar No. 348201
   Deputy Attorney General
4   1300 I Street, Suite 125
    P.O. Box 944255
5   Sacramento, CA 94244-2550
    Telephone: (916) 210-7366
6   Fax: (916) 324-5205
    E-mail: Patricia.Kealy@doj.ca.gov
7  *Attorneys for Defendant N. West*

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10                    SACRAMENTO DIVISION

11

| | |
|---|---|
| 12 **MELVIN PARKER,** | 2:22-cv-02015-CSK (PC) |
| 13                             Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO COMPEL COMPLIANCE WITH DEPOSITION SUBPOENA; DECLARATION OF COUNSEL** |
| 14            v. | |
| 15 | |
| 16 **N. WEST,** | |
| 17                            Defendant. | Judge:        The Honorable Chi Soo Kim |
| 18 | Trial Date:   Not Set<br>Action Filed: November 7, 2022 |

19

20                        **INTRODUCTION**

21         Plaintiff Melvin Parker is an incarcerated individual proceeding *pro se* in this civil rights

22  action against Defendant West. (*See* ECF Nos. 18, 24.) The deposition testimony of Durrell

23  Puckett (CDCR No. G05549), an incarcerated individual, is essential to litigating this case and

24  necessary to fully assess the viability and completion of a dispositive motion in this case. In

25  compliance with the issued Discovery and Scheduling Order (ECF No. 55) and Federal Rule of

26  Civil Procedure 45, Defendant properly noticed and subpoenaed the deposition of Mr. Puckett to

27  take place on October 14, 2024, but Mr. Puckett refused to appear.

28

                                    1

Defendant now seeks to compel Mr. Puckett's compliance to attend and participate in a deposition under Federal Rules of Civil Procedure 30(a)(1), 37(a)(3), and 45. Further, Mr. Puckett should be cautioned that further refusal to appear and participate in a deposition may result in the imposition of sanctions.

## STATEMENT OF FACTS

On September 16, 2024, Defendant filed a motion to modify the Discovery and Scheduling Order to continue this matter's deadlines and reopen discovery, which the Court subsequently granted on September 18, 2024. (ECF Nos. 59, 60.) Subject to this modification, Defendant had until October 31, 2024, to depose incarcerated witness Durrell Puckett, and until November 20, 2024, to file a dispositive motion. (ECF No. 60 at 2.)

Defense counsel coordinated with Plaintiff and Mr. Puckett's respective institutions to determine a date and time for the remote deposition of Mr. Puckett to take place and for Plaintiff to have the opportunity to attend. (Declaration of Patricia M. Kealy (Kealy Decl.) 4 5.) Following this coordination, Defendant appropriately noticed and subpoenaed Mr. Puckett's deposition on September 30, 2024, setting the deposition to take place on October 14, 2024. (*Id.* at ¶ 5, Ex. A.) The notice provided that Defendant would take Mr. Puckett's deposition by video conference at his current institution, California State Prison – Corcoran (CSP – Corcoran). (*Id.*) Plaintiff was also sent a copy of the deposition notice. (*Id.* at ¶ 6, Ex. B.) In the days leading up to the deposition, no objections were served. (*Id.* at ¶ 7.)

On October 14, 2024, defense counsel, Plaintiff, a certified court reporter, and videographer, appeared via video conference for Mr. Puckett's deposition from CSP – Corcoran. (Kealy Decl. ¶ 8.) However, Mr. Puckett refused to appear for this deposition. (*Id.* at ¶¶ 8-11, Exs. C, D.)

On October 31, 2024, Defendant filed a motion to compel Mr. Puckett's compliance to attend and participate in a deposition and motion to modify the Discovery and Scheduling Order. (ECF No. 61.) Defendant files this renewed motion to compel in accordance with the Court's December 28, 2024 order. (*See* ECF No. 63.)

/ / /

1

**ARGUMENT**

2

**I.    THE COURT SHOULD COMPEL INCARCERATED WITNESS PUCKETT'S ATTENDANCE**
**AND PARTICIPATION IN A DEPOSITION.**

3

4      Broad discretion is vested in the trial court to permit or deny discovery. *Hallet v. Morgan*,

5  296 F.3d 732, 751 (9th Cir. 2002). On notice to other parties and all affected persons, a party may

6  move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Federal Rules of

7  Civil Procedure 26 and 30 work in tandem to allow parties to depose any person, including non-

8  parties, "regarding any nonprivileged matter that is relevant to any party's claim or defense and

9  proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1), 30(a)(1). This includes

10 compelling a deponent, regardless of whether the deponent is a party or non-party, to sit for their

11 deposition. Fed. R. Civ. P. 37(a)(3)(B)(i); 45(a)(1)(A), (B); *Sali v. Corona Reg'l Med. Ctr.*, 884

12 F.3d 1218, 1223 (9th Cir. 2018). Accordingly, discovery orders directing non-parties to appear at

13 depositions are within the scope of a court's Rule 37 powers. *Sali*, 884 F.3d at 1223.

14     Additionally, under Rule 45, subpoenas issued by attorneys on behalf of the Court are

15 treated as court orders. *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 & n. 5 (9th

16 Cir. 1983). Failure to comply without adequate excuse may subject the non-party deponent to

17 contempt. Fed. R. Civ. P. 37(b)(1); 45(g); *Pennwalt*, 708 F.2d at 494. Objections to subpoenas

18 must be served before the earlier of the time specified for compliance or fourteen days after the

19 subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Failure to serve timely objections waives all

20 grounds for objections. *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

21     The Court should issue an order compelling Mr. Puckett to sit for his deposition. Mr.

22 Puckett's deposition was properly noticed and subpoenaed, and neither he nor Plaintiff objected

23 to the deposition. (Kealy Decl. ¶¶ 5-7, Exs. A, B.) Yet, on the date of the deposition, Mr. Puckett

24 refused to attend his deposition, stating, "No, I'm good." (*Id.* at ¶¶ 8-11, Exs. C, D.)

25     Defendant will be prejudiced without Mr. Puckett's testimony given its relevance to this

26 suit. Mr. Puckett has been criminally charged in Sacramento County Superior Court (Case No.

27 20FE002269) with the attempted murder of Plaintiff on October 31, 2019. (Kealy Decl. ¶ 12.)

28 Plaintiff alleges that Defendant bribed and facilitated Mr. Puckett's attempted murder of Plaintiff

3

on that date. (ECF No. 18 at 1, 6.) Therefore, Mr. Puckett's deposition testimony is relevant as the primary witness to the events of October 31, 2019. Furthermore, Mr. Puckett's testimony is relevant because information that Mr. Puckett allegedly conveyed to Plaintiff formed the basis for Plaintiff's allegations against Defendant. (Kealy Decl. ¶ 13.) Denying Defendant access to Plaintiff's testimony hinders his defense and limits his understanding of Plaintiff's allegations and supporting evidence. (*Id.* at ¶ 14.) Mr. Puckett's testimony, therefore, should be compelled.

## II.  DEFENDANT DOES NOT SEEK CONTEMPT SANCTIONS AGAINST INCARCERATED WITNESS PUCKETT.

Non-party deponents may be held in contempt for failing to obey a subpoena without adequate excuse. Fed. R. Civ. P. 37(b)(1); 45(g); *Pennwalt*, 708 F.2d at 494. For contempt proceedings, however, a notice and hearing, accompanied by live testimony by the subpoenaed witness, is required. *Pennwalt*, 708 F.2d at 495. Here, Defendant does not seek contempt sanctions – at this time – because they will not adequately resolve this matter. Mr. Puckett is an indigent inmate, and punishing him with monetary sanctions is fruitless. Additionally, instigating full, formal civil contempt proceedings will cost the defense time and resources to prepare for, attend, and adjudicate Mr. Puckett's contemptuous conduct. *Pennwalt*, 708 F.2d at 495 (a civil contempt proceeding is a "trial" within the meaning of Federal Rule of Civil Procedure 43(a).) Likewise, the Court will have to expend scarce judicial resources to secure Plaintiff's and Mr. Puckett's appearance in the courtroom in order to conduct this trial. Contempt proceedings and sanctions do not outweigh the value of simply compelling Mr. Puckett's appearance at a deposition. If Mr. Puckett disobeys another deposition subpoena and court order, Defendant will move to exclude his testimony and other appropriate sanctions.

/ / /

/ / /

/ / /

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Since Mr. Puckett failed to appear for a properly noticed and subpoenaed deposition on October 14, 2024, the Court should issue an order compelling compliance.

Dated:  January 13, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JOANNA B. HOOD
Supervising Deputy Attorney General

*/s/ Patricia M. Kealy*

PATRICIA M. KEALY
Deputy Attorney General
*Attorneys for Defendant N. West*

SA2023303229
38518669.docx

5

**DECLARATION OF PATRICIA M. KEALY**

I, Patricia M. Kealy, declare:

1.      I am an attorney licensed to practice in this Court and all courts in the State of California. I am employed as a Deputy Attorney General in the Correctional Law Section in the Sacramento Attorney General's Office (AGO).

2.      I represent Defendant West in this matter.

3.      On September 16, 2024, Defendant filed a motion to modify the Discovery and Scheduling Order to continue this matter's deadlines and reopen discovery, which the Court subsequently granted. (ECF Nos. 59, 60.) Subject to this modification, Defendant had until October 31, 2024, to depose incarcerated witness Durrell Puckett (CDCR No. G05549) and until November 20, 2024, to file a dispositive motion. (*Id.* at 2.)

4.      In adherence with this modification, I coordinated with Plaintiff and Mr. Puckett's respective institutions, California Health Care Facility (CHCF) and California State Prison – Corcoran (CSP – Corcoran), to determine a date and time for the remote deposition of Mr. Puckett to take place and for Plaintiff to have the opportunity to attend.

5.      On September 30, 2024, Defendant noticed and subpoenaed Mr. Puckett's deposition, setting the deposition to take place on October 14, 2024. A true and correct copy of the deposition notice, subpoena, explanatory letter to Mr. Puckett, and certification of service is attached to this declaration as **Exhibit A.**

6.      Plaintiff was sent a copy of the deposition notice for Mr. Puckett's deposition. A true and correct copy of the certification of service is attached as **Exhibit B.**

7.      Prior to the October 14, 2024 scheduled deposition of Mr. Puckett, neither Mr. Puckett nor Plaintiff served objections.

8.      On October 14, 2024, at 8:55 a.m., Plaintiff, a certified court reporter, videographer, and I appeared remotely for Mr. Puckett's deposition from CSP – Corcoran. Mr. Puckett did not appear.

/ / /

/ / /

6

Mem. of P. & A. in Supp. of Def.'s & Renewed Mot. to Compel Compliance with Dep. Subpoena; Decl. of Counsel (2:22-cv-02015-CSK (PC))

9.     At approximately 9:10 a.m., I received an email from the CSP – Corcoran Litigation Coordinator informing me that Plaintiff had refused to leave his cell to participate in the deposition.

10.     A CDC 128-B form was written by Correctional Sergeant E. Garcia immediately following his discussion with Mr. Puckett in which he communicated his refusal to attend the deposition. A true and correct copy of the CDC 128-B is attached to this declaration as **Exhibit C.**

11.     A true and correct copy of the transcript of proceedings regarding Mr. Puckett's nonappearance at the October 14, 2024 deposition is attached as **Exhibit D.**

12.     Durrell Puckett has been criminally charged in Sacramento County Superior Court (Case No. 20FE002269) with the attempted murder of Plaintiff on October 31, 2019.

13.     Following the deposition of Plaintiff in this matter, the extent to which information Mr. Puckett allegedly conveyed to Plaintiff formed the basis for this suit was abundantly clear.

14.     Mr. Puckett's testimony is necessary in order to fully understand and respond to Plaintiff's allegations and supporting evidence. Mr. Puckett's refusal to appear and participate in his deposition stalled Defendant's ability to thoroughly gather and assess his testimony as the primary witness to the events of October 31, 2019.

15.     Therefore, on October 31, 2024, Defendant filed a motion to compel Mr. Puckett's compliance to attend and participate in a deposition and motion to modify the Discovery and Scheduling Order. (ECF No. 61.)

16.     On December 28, 2024, the Court ordered Defendant to file a renewed motion to compel "accompanied by a certificate of service attesting to service on nonparty witness Durrell Puckett." (ECF No. 63 at 4.) This Motion is filed in accordance with the Court's order.

17.     I have remained in contact with Mr. Puckett and Plaintiff's respective institutions in order to determine a date and time for Mr. Puckett's second remote deposition to be conducted, at which Plaintiff will have the opportunity to attend.

18.     Given these circumstances, Defendant believes good cause exists for the Court to compel Mr. Puckett to comply with the subpoena for his deposition.

7

19.     This Motion is not brought for any improper purpose or to delay or harass Plaintiff in his prosecution of this action. I do not believe that this request will significantly impact the progress of this case or unfairly prejudice Plaintiff.

20.     Plaintiff's incarceration status makes same-day delivery and immediate notice of Defendant's Motion impracticable, I am mailing him a copy of the Notice of Motion and Motion, Memorandum of Points and Authorities, and this Declaration with attached exhibits via First Class U.S. Mail.

21.     Non-party witness Durrell Puckett is also being served a copy of the Notice of Motion and Motion, Memorandum of Points and Authorities, and this Declaration with attached exhibits via First Class U.S. Mail.

I declare under penalty of perjury that the preceding is true.

Dated:  January 13, 2025                          */s/ Patricia M. Kealy*
                                                 Patricia M. Kealy
                                                 Deputy Attorney General

# EXHIBIT A

C A L I F O R N I A

**DEPARTMENT OF JUSTICE**

*Rob Bonta*
**Attorney General**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-7366
Facsimile: (916) 324-5205
E-Mail: Patricia.Kealy@doj.ca.gov

September 30, 2024

Durrell Puckett (CDCR No. G05549)
California State Prison – Corcoran
P.O. Box 8800
Corcoran, CA 93212

RE:    *Melvin Parker v. N. West*
        U.S. District Court, Eastern District of California, Case No. 2:22-CV-02015-CSK (PC)

Dear Mr. Puckett:

    Mr. Parker brought this lawsuit alleging that Defendant West bribed you to assault him and purposefully removed your restraints to facilitate this assault on October 31, 2019, at California State Prison – Sacramento. To support his allegations, Mr. Parker attached two declarations that you authored and signed on December 11, 2019, and December 30, 2019.

    Based on the above, you have been identified as a witness with knowledge about the events underlying Mr. Parker's allegations. Consequently, you are being subpoenaed to attend a deposition where you will answer questions under the penalty of perjury. If this case goes to trial, you will likely be required to attend the trial and testify.

    Please find attached the deposition notice and subpoena for you to testify at a deposition on October 14, 2024, at 9:00 a.m. The court reporter and I will be appearing remotely. Mr. Parker will have the opportunity to appear remotely as well. I will be asking you questions, and Mr. Parker may do the same.

    If you do not intend to attend this deposition, please inform me immediately of your reasons in writing.

                        Sincerely,

                        */s/ Patricia M. Kealy*

                        PATRICIA M. KEALY
                        Deputy Attorney General

            For    ROB BONTA
                    Attorney General

SA2023303229 / 38439955.docx

1    ROB BONTA, State Bar No. 202668
     Attorney General of California
2    JOANNA B. HOOD, State Bar No. 264078
     Supervising Deputy Attorney General
3    PATRICIA M. KEALY, State Bar No. 348201
     Deputy Attorney General
4      1300 I Street, Suite 125
     P.O. Box 944255
5      Sacramento, CA 94244-2550
     Telephone: (916) 210-7366
6      Fax: (916) 324-5205
     E-mail: Patricia.Kealy@doj.ca.gov
7    *Attorneys for Defendant N. West*

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10                    SACRAMENTO DIVISION

11

| | |
|---|---|
| **MELVIN PARKER,** | 2:22-cv-02015-CSK (PC) |
| Plaintiff, | **NOTICE OF DEPOSITION OF INMATE-WITNESS DURRELL PUCKETT** |
| v. | Date: October 14, 2024 |
| | Time: 9:00 a.m. |
| **N. WEST,** | Location: California State Prison – Corcoran |
| Defendant. | 4001 King Ave. |
| | Corcoran, CA 93212 |

20      **TO INMATE-WITNESS DURRELL PUCKETT:**

21        **PLEASE TAKE NOTICE** that on <u>**October 14, 2024, at 9:00 a.m.**</u>, counsel for Defendant

22 will take the deposition of **DURRELL PUCKETT (CDCR NO. G05549)** at California State

23 Prison – Corcoran (CSP – Corcoran), located at 4001 King Ave., Corcoran, CA 93212, or as soon

24 thereafter as it may be held. Pursuant to Federal Rule of Civil Procedure 30, Defendant will take

25 the deposition by oral examination before a certified shorthand reporter authorized to administer

26 oaths and who will record the deposition stenographically. The deposition may be videotaped.

27 The deposition will continue for the duration of time allowed by the Federal Rules of Civil

28 Procedure. If, for any reason, the taking of the deposition is not completed on the date specified

1

1  above, the taking of the deposition will be continued at the option of the noticing party. The

2  deponent's failure to attend and cooperate in this deposition may result in court-ordered

3  sanctions.

4      **PLEASE TAKE FURTHER NOTICE** that the deposition will take place via a remote

5  video conferencing service, Zoom, with Defendant's counsel in Sacramento, the deponent at CSP

6  – Corcoran, and the court reporter at a Trust Point One location. Plaintiff Parker may also appear

7  remotely.

8      **PLEASE TAKE FURTHER NOTICE** that Defendant requests the deponent, **DURRELL**

9  **PUCKETT (CDCR NO. G05549)**, to produce at the deposition all documents in his possession

10  that pertain to the allegations and issues that are the subject matter of this lawsuit.

11  Dated:  September 30, 2024                    Respectfully submitted,

12                                               ROB BONTA
                                                 Attorney General of California
13                                               JOANNA B. HOOD
                                                 Supervising Deputy Attorney General
14
15                                               */s/ Patricia M. Kealy*

16                                               PATRICIA M. KEALY
                                                 Deputy Attorney General
17                                               *Attorneys for Defendant N. West*

18  SA2023303229
    38439668.docx

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of California

| | |
|---|---|
| MELVIN PARKER | ) |
| *Plaintiff* | ) |
| v. | ) |
| N. WEST | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.    2:22-cv-02015-CSK (PC)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                          DURRELL PUCKET (CDCR No. G05549)

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: California State Prison - Corcoran<br>4001 King Ave.<br>Corcoran, CA 93212 | Date and Time:<br>10/14/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographically and video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  All documents in deponent's possession that pertain to the allegations and issues that are the subject matter of this lawsuit.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/30/2024

CLERK OF COURT

                                        OR

_____                    /s/ Patricia M. Kealy
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Defendant
N. West                                                    , who issues or requests this subpoena, are:

Patricia M. Kealy, Deputy Attorney General. Tel: (916) 210-7366. E-mail: Patricia.Kealy@doj.ca.gov.
Office of the Attorney General, 1300 I Street, Suite 125, Sacramento, CA 95814

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   2:22-cv-02015-CSK (PC)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Durrell Puckett

on *(date)*   09/30/2024   .

☑ I served the subpoena by delivering a copy to the named individual as follows:   *SEE ATTACHED*

_____   on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   09/30/2024

_____
*/s/ T. Farster*
*Server's signature*

_____
T. Farster, Legal Secretary
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>DECLARATION OF SERVICE BY U.S. MAIL</u>

Case Name:  **Melvin Parker (AP1330) v. N. West**
Case No.:   **2:22-cv-02015-CSK (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>September 30, 2024</u>, I served the attached: **Letter to Durrel Puckett dated September 30, Deposition Notice and Subpoena (A0 88A form) of Durrel Puckett** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Durrell Puckett (CDCR No. G05549)
California State Prison – Corcoran
P.O. Box 8800
Corcoran, CA 93212

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 30, 2024, at Sacramento, California.

|  |  |
|---|---|
| I.  Martinez | */s/ I. Martinez* |
| Declarant | Signature |

SA2023303229
38445490.docx

# EXHIBIT B

## <u>DECLARATION OF SERVICE BY U.S. MAIL</u>

Case Name:     **Melvin Parker (AP1330) v. N. West**
Case No.:      **2:22-cv-02015-CSK (PC)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>October 3, 2024</u>, I served the attached:

**NOTICE OF DEPOSITION OF INMATE-WITNESS DURRELL PUCKETT**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Melvin Parker, AP1330
California Health Care Facility
P.O. Box 213040
Stockton, CA 95213
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 3, 2024, at Sacramento, California.

| I. Martinez | */s/ I. Martinez* |
|---|---|
| Declarant | Signature |

SA2023303229
38454092.docx

# EXHIBIT C

Case 2:22-cv-02015-CSK    Document 66-1    Filed 01/13/25    Page 20 of 29

CDC-128B (REV. 11/94)

**NAME:** Puckett          **CDC #:** G05549          **HOUSING:** 3A03-114L

On Monday, October 14, 2024, at approximately 0845 hours, Officer J. Cervantes Moreno approached cell 114, solely occupied by inmate Puckett, to ask him if he wanted to participate in his scheduled Confidential Video Call. Specifically, Officer Cervantes Moreno presented inmate Pucket the provided Video Disposition Letter providing inmate Pucket with the details of the call. Inmate Puckett stated, "No, I'm good." Officer Cervantes Moreno asked a second time if was sure he didn't want to go. Inmate Puckett again stated, "No."

Subsequently, inmate Puckett was not escorted to 3A Visiting due to this refusal to participate.

Original: Central File
    cc: Correctional Counselor I
        Correctional Counselor II
        Inmate
        Writer

E. Garcia
Correctional Sergeant
California State Prison-Corcoran

**DATE:** 10/14/2024          **(GENERAL INFORMATION CHRONO)**          GENERAL CHRONO

# EXHIBIT D



Certificate of Non-Appearance of
**Durrell Anthony Puckett**

Monday, October 14, 2024

*Melvin Parker (AP1330) v. N. West*

www.TP.One
800.FOR.DEPO (800.367.3376)
Scheduling@TP.One

Reference Number: 146981

Case 2:22-cv-02015-CSK    Document 66-1    Filed 01/13/25    Page 23 of 29

 1              IN THE UNITED STATES DISTRICT COURT

 2           FOR THE EASTERN DISTRICT OF CALIFORNIA

 3                   SACRAMENTO DIVISION

 4

 5    MELVIN PARKER,                    )
                                       )
 6              Plaintiff,             )
                                       )
 7       vs.                           )   Case No.:
                                       )   2:22-cv-02015-CSK
 8    N. WEST,                         )   (PC)
                                       )
 9              Defendant.             )
      _____)

10

11

12

13

14       TRANSCRIPT OF PROCEEDINGS RE NONAPPEARANCE OF

15              VIDEOTAPED DEPOSITION OF

16        DURRELL ANTHONY PUCKETT, CDCR #G-05549

17              APPEARING REMOTELY FROM

18              CORCORAN, CALIFORNIA

19            MONDAY, OCTOBER 14, 2024

20

21

22

23    REPORTED BY:
      AMBER DAWN CASTANEDA, RPR, CRR
24    CSR NO. 7640
      APPEARING REMOTELY FROM
25    SAN BERNARDINO COUNTY, CALIFORNIA

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2              FOR THE EASTERN DISTRICT OF CALIFORNIA

 3                        SACRAMENTO DIVISION

 4

 5   MELVIN PARKER,                   )
                                      )
 6             Plaintiff,             )
                                      )
 7       vs.                          )   Case No.:
                                      )   2:22-cv-02015-CSK
 8   N. WEST,                         )   (PC)
                                      )
 9             Defendant.             )
     _____)
10

11

12

13

14       Transcript of Proceedings Re Nonappearance of

15   Videotaped Remote Deposition of DURRELL ANTHONY

16   PUCKETT, CDCR #G-05549, taken on behalf of the

17   Defendant, commencing at 9:05 a.m., on Monday,

18   October 14, 2024, before Amber Dawn Castaneda, RPR,

19   CRR, CSR No. 7640, appearing remotely from

20   San Bernardino County, California.

21

22

23

24

25
```

 1    REMOTE APPEARANCES:

 2

 3       FOR THE PLAINTIFF:

 4           MELVIN PARKER, IN PRO PER

 5

 6       FOR THE DEFENDANT:

 7           ATTORNEY GENERAL OF CALIFORNIA

 8           BY:  PATRICIA M. KEALY, ESQ.

 9           1300 I Street

10           Suite 125

11           Sacramento, California 94244-2550

12           (916) 210-7366

13           Patricia.Kealy@doj.ca.gov

14

15       ALSO PRESENT:

16           CASEY STARK, VIDEOGRAPHER

17           JESSIE HAWKINS, STUDENT REPORTER

18

19

20

21

22

23

24

25

1       PROCEEDINGS STENOGRAPHICALLY REPORTED REMOTELY

2                   MONDAY, OCTOBER 14, 2024

3                        9:05 A.M.

4

5           MS. KEALY:  Okay.  My name is

6    Deputy Attorney General Patricia Kealy.  I represent

7    and anticipated conducting this morning's deposition

8    on behalf of Defendant West.  I was scheduled to

9    take the deposition of Inmate Witness Durrell

10   Puckett as it relates to a civil rights lawsuit

11   brought by Mr. Melvin Parker.  Mr. Parker's lawsuit

12   against Defendant West is proceeding in U.S. Federal

13   District Court for the Eastern District of

14   California.  It is Case Number 2:22-cv-02015-CSK.

15           I have been informed by staff at

16   Mr. Puckett's institution, which is California State

17   Prison, Corcoran, that Mr. Puckett has refused to

18   attend this morning's deposition.

19               And that concludes it.

20               We can go off the record.

21           THE REPORTER:  Okay.  Thank you.

22

23               (Whereupon, the proceedings

24                 concluded at 9:06 a.m.)

25                     ---oOo---

```
 1                REPORTER'S CERTIFICATE

 2    STATE OF CALIFORNIA          )

 3                                 )  ss.

 4    COUNTY OF SAN BERNARDINO   )

 5

 6            I, AMBER DAWN CASTANEDA, RPR, CRR, a

 7    Certified Shorthand Reporter within and for the

 8    County of San Bernardino, State of California, do

 9    hereby certify:

10            That the said Transcript of Proceedings was

11    taken down by me in shorthand at the time and place

12    therein stated and was thereafter reduced to print

13    by Computer-Aided Transcription under my direction;

14            I further certify that I am not of counsel

15    or attorney for any of the parties hereto or in any

16    way interested in the event of this cause, and that

17    I am not related to any of the parties thereto.

18            Dated this 14th day of October, 2024.

19

20

21    _____

22            AMBER DAWN CASTANEDA, RPR, CRR,
                   CSR No. 7640

23

24

25
```



## WORD INDEX

**< 1 >**
**125**  3:*10*
**1300**  3:*9*
**14**  1:*19*  2:*18*
4:*2*
**14th**  5:*18*

**< 2 >**
**2:22-cv-02015-**
**CSK**  1:*7*  2:*7*
4:*14*
**2024**  1:*19*  2:*18*
4:*2*  5:*18*
**210-7366**  3:*12*

**< 7 >**
**7640**  1:*24*  2:*19*
5:*21*

**< 9 >**
**9:05**  2:*17*  4:*3*
**9:06**  4:*24*
**916**  3:*12*
**94244-2550**  3:*11*

**< A >**
**a.m**  2:*17*  4:*3*,
*24*
**AMBER**  1:*23*
2:*18*  5:*6*, *20*
**ANTHONY**
1:*16*  2:*15*
**anticipated**  4:*7*

**APPEARANCES**
3:*1*
**APPEARING**
1:*17*, *24*  2:*19*
**attend**  4:*18*

**ATTORNEY**
3:*7*  4:*6*  5:*15*

**< B >**
**behalf**  2:*16*  4:*8*
**BERNARDINO**
1:*25*  2:*20*  5:*4*, *8*
**brought**  4:*11*

**< C >**
**CALIFORNIA**
1:*2*, *18*, *25*  2:*2*,
*20*  3:*7*, *11*  4:*14*,
*16*  5:*2*, *8*
**Case**  1:*7*  2:*7*
4:*14*
**CASEY**  3:*16*
**CASTANEDA**
1:*23*  2:*18*  5:*6*,
*20*
**cause**  5:*16*
**CDCR**  1:*16*
2:*16*
**CERTIFICATE**
5:*1*
**Certified**  5:*7*
**certify**  5:*9*, *14*
**civil**  4:*10*
**commencing**
2:*17*
**Computer-Aided**
5:*13*
**concluded**  4:*24*
**concludes**  4:*19*
**conducting**  4:*7*
**CORCORAN**
1:*18*  4:*17*
**counsel**  5:*14*
**COUNTY**  1:*25*
2:*20*  5:*4*, *8*

**COURT**  1:*1*
2:*1*  4:*13*
**CRR**  1:*23*  2:*19*
5:*6*, *20*
**CSR**  1:*24*  2:*19*
5:*21*

**< D >**
**Dated**  5:*18*
**DAWN**  1:*23*
2:*18*  5:*6*, *20*
**day**  5:*18*
**Defendant**  1:*9*
2:*9*, *17*  3:*6*  4:*8*,
*12*
**DEPOSITION**
1:*15*  2:*15*  4:*7*,
*9*, *18*
**Deputy**  4:*6*
**direction**  5:*13*
**DISTRICT**  1:*1*,
*2*  2:*1*, *2*  4:*13*
**DIVISION**  1:*3*
2:*3*
**DURRELL**
1:*16*  2:*15*  4:*9*

**< E >**
**EASTERN**  1:*2*
2:*2*  4:*13*
**ESQ**  3:*8*
**event**  5:*16*

**< F >**
**Federal**  4:*12*
**further**  5:*14*

**< G >**
**G-05549**  1:*16*
2:*16*

**GENERAL**  3:*7*
4:*6*
**go**  4:*20*

**< H >**
**HAWKINS**  3:*17*
**hereto**  5:*15*

**< I >**
**informed**  4:*15*
**Inmate**  4:*9*
**institution**  4:*16*
**interested**  5:*16*

**< J >**
**JESSIE**  3:*17*

**< K >**
**KEALY**  3:*8*
4:*5*, *6*

**< L >**
**lawsuit**  4:*10*, *11*

**< M >**
**MELVIN**  1:*5*
2:*5*  3:*4*  4:*11*
**MONDAY**  1:*19*
2:*17*  4:*2*
**morning's**  4:*7*,
*18*

**< N >**
**name**  4:*5*
**NONAPPEARA**
**NCE**  1:*14*  2:*14*
**Number**  4:*14*

**< O >**

**OCTOBER**
1:*19*  2:*18*  4:*2*
5:*18*
**Okay**  4:*5, 21*
**oOo**  4:*25*

**< P >**
**PARKER**  1:*5*
2:*5*  3:*4*  4:*11*
**Parker's**  4:*11*
**parties**  5:*15, 17*
**PATRICIA**  3:*8*
4:*6*
**Patricia.Kealy@d**
**oj.ca.gov**  3:*13*
**PC**  1:*8*  2:*8*
**place**  5:*11*
**Plaintiff**  1:*6*
2:*6*  3:*3*
**PRESENT**  3:*15*
**print**  5:*12*
**Prison**  4:*17*
**PRO**  3:*4*
**proceeding**  4:*12*
**PROCEEDINGS**
1:*14*  2:*14*  4:*1,*
*23*  5:*10*
**PUCKETT**  1:*16*
2:*16*  4:*10, 17*
**Puckett's**  4:*16*

**< R >**
**record**  4:*20*
**reduced**  5:*12*
**refused**  4:*17*
**related**  5:*17*
**relates**  4:*10*
**Remote**  2:*15*
3:*1*

**REMOTELY**
1:*17, 24*  2:*19*
4:*1*
**REPORTED**
1:*23*  4:*1*
**REPORTER**
3:*17*  4:*21*  5:*7*
**REPORTER'S**
5:*1*
**represent**  4:*6*
**rights**  4:*10*
**RPR**  1:*23*  2:*18*
5:*6, 20*

**< S >**
**SACRAMENTO**
1:*3*  2:*3*  3:*11*
**SAN**  1:*25*  2:*20*
5:*4, 8*
**scheduled**  4:*8*
**Shorthand**  5:*7,*
*11*
**ss**  5:*3*
**staff**  4:*15*
**STARK**  3:*16*
**State**  4:*16*  5:*2,*
*8*
**stated**  5:*12*
**STATES**  1:*1*
2:*1*
**STENOGRAPHI**
**CALLY**  4:*1*
**Street**  3:*9*
**STUDENT**  3:*17*
**Suite**  3:*10*

**< T >**
**take**  4:*9*
**taken**  2:*16*  5:*11*
**Thank**  4:*21*

**thereto**  5:*17*
**time**  5:*11*
**TRANSCRIPT**
1:*14*  2:*14*  5:*10*
**Transcription**
5:*13*

**< U >**
**U.S**  4:*12*
**UNITED**  1:*1*
2:*1*

**< V >**
**VIDEOGRAPHE**
**R**  3:*16*
**VIDEOTAPED**
1:*15*  2:*15*
**vs**  1:*7*  2:*7*

**< W >**
**way**  5:*16*
**WEST**  1:*8*  2:*8*
4:*8, 12*
**Witness**  4:*9*