UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PARKER, | No. 2:22-cv-2015 CSK P |
| Plaintiff, | |
| v. | ORDER |
| N. WEST, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se. Before the Court is defendant's renewed motion to compel compliance with the deposition subpoena for the testimony of an incarcerated nonparty witness. (ECF No. 66-1.) As discussed below, defendant's unopposed motion is granted.

I.   BACKGROUND

This action proceeds on plaintiff's amended complaint alleging that on October 31, 2019, defendant N. West allegedly paid inmate Durrell Puckett to murder plaintiff by removing Puckett's restraints and opening his cell door to enable Puckett to attack plaintiff, who was chained to the dayroom floor. (ECF No. 18 at 6-7.) On October 31, 2019, in Sacramento County Superior Court, Case No. 20FE002269, inmate Durrell Puckett was criminally charged with the attempted murder of plaintiff. (ECF No. 61-1 at 3, 8.)

///

On September 18, 2024, on defendant's motion, the scheduling order was modified, and discovery was reopened for the limited purpose of deposing Mr. Puckett, CDCR No. G05549. (ECF No. 60.) The Court found that deposing Mr. Puckett is likely to lead to relevant evidence. (Id. at 2-3.) Discovery was reopened until October 31, 2024, and the dispositive motion deadline was extended to November 20, 2024. (Id.)

On September 30, 2024, defendant noticed Mr. Puckett's deposition for October 14, 2024, at California State Prison, Corcoran, where Mr. Puckett was incarcerated, and served the notice and subpoena on Mr. Puckett at his current address. (ECF No. 66-1 at 2, 11-15.) The subpoena also commanded Mr. Puckett to bring with him to the deposition all documents in his "possession that pertain to the allegations and issues that are the subject matter of this lawsuit." (Id. at 13.) Because Mr. Puckett refused to appear at the October 14, 2024 deposition, defendant filed a motion to compel compliance with deposition subpoena for the deposition testimony on October 31, 2024. (ECF No. 61.) In addition, defendant sought to modify the scheduling order to reopen discovery to take Mr. Puckett's deposition, address any failure to comply, and file a dispositive motion. (Id.) Plaintiff did not file an opposition. On December 26, 2024, defendant's motion to modify the scheduling order was granted. (ECF No. 63 at 3-4.) Discovery was reopened until resolution of the renewed motion to compel attendance of nonparty witness for deposition, and the pretrial motions deadline was stayed pending further order of the Court. (Id. at 4.) Defendant's motion to compel, however, was denied without prejudice to renewal because the motion to compel was not served on Mr. Puckett. (Id. at 2-3.)

On December 9, 2024, nonparty Durrell Puckett filed a document styled "Summary Judgment and Settlement Agreed Statement" in this case. (ECF No. 62.) On December 26, 2024, this Court admonished Mr. Puckett to refrain from filing documents on behalf of plaintiff. (ECF No. 64.) On January 6, 2025, Mr. Puckett filed a declaration concerning his involvement in the incident at issue herein, claiming "this is my testimony," and "I'm willing to testify further for damages punitively." (ECF No. 65.) His declaration was signed on January 1, 2025. (Id.)

On January 13, 2025, defendant renewed the motion to compel Mr. Puckett to appear and cooperate in a re-noticed deposition. (ECF No. 66-1.) Defendant served both Mr. Puckett and

plaintiff at their last two addresses of record.  (ECF No. 66-2.)  Plaintiff and Mr. Puckett have not filed oppositions or otherwise responded to defendant's motion.

II.   MOTION TO COMPEL DEPOSITION TESTIMONY

   A.   Defendant's Position

Defendant seeks an order compelling compliance with the deposition subpoena for Mr. Puckett, an incarcerated nonparty, to appear and participate in a deposition.  (ECF No. 66-1 at 2 (citing Fed. R. Civ. P. 30(a)(1), 37(a), and 45).)  Defendant does not seek contempt sanctions at this time, but if Mr. Puckett disobeys another deposition subpoena and court order, defendant will move to exclude his testimony and seek other appropriate sanctions.  (ECF No. 66-1 at 4.)

   B.   Governing Standards

The Court has broad discretion to manage discovery.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).  Rule 30 of the Federal Rules of Civil Procedure provides that, with some exceptions, "[a] party may, by oral question, depose any person . . . without leave of court."  Fed. R. Civ. P. 30(a)(1).[1]  Pursuant to Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  Federal Rule of Civil Procedure 45 governs discovery sought from non-parties by subpoena.  Fed. R. Civ. P. 45.  Under Rule 45, a subpoena commands each person to whom it is directed to attend and give testimony.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  A properly issued subpoena is itself a court order.  Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.5 (9th Cir. 1983).

"[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."  Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citation omitted).  The court may compel compliance with a subpoena "where the nonparty has not formally objected but has instead failed to respond."  In re Subpoena to VaughnPerling, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019); see also Fujikura Ltd. v. Finisar Corp., 2015 WL

---

[1] Mr. Puckett is incarcerated and thus his deposition would ordinarily be subject to leave of court.  Fed. R. Civ. P. 30(a)(2).  Here, on February 15, 2014, the parties were granted leave to depose an incarcerated plaintiff or witness.  (ECF No. 55 at 5.)

3

5782351, at *3 (N.D. Cal. Oct. 5, 2015 ("The court has discretion to determine whether to grant a motion to compel" compliance with a Rule 45 subpoena.) (citation omitted).

C. Discussion

As noted above, the discovery deadline in this case was extended to permit the deposition of Mr. Puckett, because he was a primary witness to the events at issue here, and his testimony is relevant. (ECF No. 50 at 2-3.) In his renewed motion, defendant has established that his need for Mr. Puckett's testimony is critical, given the underlying allegations in this lawsuit, and he will be prejudiced without Mr. Puckett's testimony. (ECF No. 66-1 at 4.) In addition, according to plaintiff's deposition testimony, it was information that Mr. Puckett allegedly relayed to plaintiff that formed the basis for plaintiff's allegations against defendant. (Id. at 7 ¶ 13.) In light of the critical nature of Mr. Puckett's testimony, defendant's need for the deposition is great. Finally, Mr. Puckett has expressed no potential hardship; he is incarcerated, and any deposition would be conducted via videoconference. It appears that the criminal charges brought against Mr. Puckett on February 5, 2020 remain pending.[2] However, defense counsel previously indicated a willingness to seek a stay of this action should Mr. Puckett invoke his Fifth Amendment rights in the deposition. (ECF No. 59-1 at 5 n.3.) Finally, Mr. Puckett filed no formal objection or opposition to the renewed motion for deposition.

Following review of the renewed motion to compel compliance with the deposition subpoena and the exhibits appended thereto, defendant shows good cause to compel compliance with the deposition subpoena. (ECF Nos. 66 at 3; 66-1.) Therefore, defendant's motion to compel nonparty Durrell Puckett, CDCR No. G05549, to comply with the deposition subpoena is

---

[2] The Sacramento County Superior Court website shows that doctors were appointed pursuant to California Penal Code § 1027, doctors' reports have been filed, and the matter is set for further proceedings on April 11, 2025. People v. Durrell Anthony Puckett, No. 20FE002269 (Sacramento Cnty. Sup. Ct. Cal.). The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website for the Sacramento County Superior Court is <https://services.saccourt.ca.gov/PublicCaseAccess/Criminal> (accessed Feb. 18, 2025).

1  granted.³

2    D. <u>Admonitions</u>

3    Although defendant does not seek contempt sanctions at this time, nonparty Durrell
4  Puckett is advised that failure to comply with the deposition subpoena in the future, without
5  adequate excuse, may subject him to contempt.  Fed. R. Civ. P. 37(b)(1); 45(g); <u>Pennwalt</u>, 708
6  F.2d at 494.  Objections to subpoenas must be served before the earlier of the time specified for
7  compliance or fourteen days after the subpoena is served.  Fed. R. Civ. P. 45(d)(2)(B).  Failure to
8  serve timely objections waives all grounds for objections.  <u>McCoy v. Sw. Airlines Co.</u>, 211
9  F.R.D. 381, 385 (C.D. Cal. 2002).

10   Finally, it is unclear why Mr. Puckett filed a declaration on January 6, 2025.  But to the
11 extent he filed the declaration in an attempt to avoid the need for his deposition, Mr. Puckett is
12 mistaken.  Mr. Puckett is ordered to attend and participate in the deposition, and is cautioned that
13 if he disobeys another deposition subpoena and this Court order, defendant will move to exclude
14 Mr. Puckett's testimony and seek other appropriate sanctions.  (ECF No. 66-1 at 4.)

15 III. CONCLUSION

16   Accordingly, IT IS HEREBY ORDERED that:

17   1. Defendant's renewed motion to compel compliance with deposition subpoena (ECF
18    No. 66) is granted.
19   2. Nonparty Durrell Puckett is ordered to attend and participate in a deposition under
20    Federal Rules of Civil Procedure 309a)(1), 37(a)(3), and 45, and shall provide
21    deposition testimony no later than April 18, 2025.
22   3. Nonparty Durrell Puckett is cautioned that further refusal to appear and participate in a
23    deposition may result in the imposition of sanctions.

24 / / /
25 / / /

---

³ According to the California Department of Corrections and Rehabilitation ("CDCR") California Incarcerated Records and Information Search ("CIRIS"), it appears Mr. Puckett is now incarcerated at California State Prison, Sacramento.  This information was obtained from the CDCR Inmate Locator website, <https://ciris.mt.cdcr.ca.gov> (accessed Feb. 18, 2025).

4. The Clerk of the Court is directed to serve a copy of this order on nonparty Durrell Puckett, CDCR No. G05549, California State Prison, Sacramento, P.O. Box 290001, Represa, California 95671.

Dated: February 19, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/park2015.mtc.np.dep